Peck, J.
The points I shall consider in this case are the caption to this indictment, in the dress it now assumes before the Court, and the nner in which parts of the record have found their way here.
That which appears to have been certified up to this Court from the County of White, and on which the defendant in the Court below has been tried, differs essentially from that brought up to this Court from the County of Warren.
I have little hesitation in saying, that on the record certified on the change of venue from Warren to White, if viewed aside from the other records brought into this Court by certiorari, the life of the defendant on that proceeding would be in imminent danger; but when viewed in connec *113 tion witli tlie records, which are certified and designed to give a full view of the case as it should he presented, gives for the present a different result.
We are not without authority for receiving the records brought here by the writs of certiorari. But if it was questioned it would be sufficient to say that both the State, by her prosecuting attorney, and the defendant admit these papers to be well before us.
Yet, as but little is said in our books recognizing the practice of granting this writ beyond the county, into which a cause has been removed by change of venue, to that in which the proceedings originated, it may not be amiss to mention some cases in which it has been done. In the case, the State v. Bennet, at Nashville, the writ of certiorari went into two counties, — the one where the trial had been, the other to the county where the cause originated, there having been a change of venue. In another case, the State v. Norvell, at Rogersville, the certiorari was sent to Claiborne County.
In most of the cases recollected, it is true, the writ has been used on the part of the State to cure those defects of which the prisoner sought to take advantage. If used on the side of the State, it cannot be pretended but that a defendant would be entitled to a like remedy, where defects were apparent to his injury, for it is neither in law nor reason to grant the writ on the one side and deny it on the other; if there is a preponderance, certainly it is in favor of a prisoner, in a capital pase, and if hitherto I could have entertained doubts of the propriety of such a use of the writ, the case before the Court would evince the necessity of applying it.
The whole question was, where the truth lay, for it was said not to be found in the record, or that which purported to be the record, on which the defendant had been tried. There was a fountain whence this truth could be drawn, and both the State and defendant resort to it; and though both bring up different parts of the same record, they evince the same fact, to wit: that at the time the grand jury found the bill of indictment, the record was silent on the fact whether or no that jury had been sworn.
A change of venue from one county to another is but an adjournment of the cause, in the language of the act of Assembly, for trial at a different place, and the use of the process of certiorari, as applied here, is to correct errors that may intervene in transmitting the record, so that the whole case may appear before whatever court the cause maybe taken; and as the writ is sent to bring up a more perfect transcript, the one sent last must at least be of equal validity with the first.
It is no good argument to say the trial has been had on one record, and the other, when now brought, is but at war with it. Therefore, as much being proved in favor of the verdict as against it, it should not now be disturbed.
*114 It is enough to say, in answer to such a position, that if doubt in law is created upon the whole case, or on any part of it, that doubt should incline the Court to the side of the accused; but here it is put beyond doubt, for the records of two terms prove the error complained of, and the record stands corrected.
If it be said that such a course may afford facilities to escapes, and that there having been a trial and judgment, it should not now be disturbed, I answer, it would be monstrous to stand by and see a human being, however depraved, cheated into a trial of seeming form and deprived of life, upon an erroneous statement of facts, purporting to be a record in substance, but which, when examined in after times, would evince to all who might make the inquiry, that in fact neither the form nor substance vras there to justify the execution. For the principle is as old as the law, that the caption of the record should show that the grand jury had been sworn. Chit. C. L. 314, 315, 316, 327.
The amendment, at a subsequent term, cannot be justified by the rules of law. 2 Coke Lit. 260 a.
So far we have viewed this case as though the defendant had sent the certiorari in fact. The truth is, the Solicitor-General admits on the record that the transcript from Warren County is in this Court, as if brought up by that writ. And the question is made, with the members of this Court, if such admissions can or will be noticed, a majority of the Court are of opinion they can and ought.
In a State case the people prosecute and the Attorney-General is their oíBeer; he is created by the Constitution, acts in virtue of his commission, and on oath ; and while he guards with vigilance the interest of the State, it is his bounden duty to see that such rights as the accused has shall not be prostrated, but that right and justice shall be done ; he should not lay hold of an accident bi’ought upon the accused by a default not imputable to her, and turn such accident to the purposes of illegal conviction; for as the people, the members on whom such an abuse might fall indiscriminately, would, for the safety of each, avert such a course; so neither should the Attorney-General, acting for them, stand by and see toils improperly spread to ensnare any.
The law, supposing that he will not abuse his trust on either side, his admissions, when made part of the record, should be received.
An opinion on the powers and some of the duties of attorneys-general was strongly expressed in accordance with this opinion by the whole Court at Knoxville, in the case of the State v. Foute, determined at-term. 3 Hay. Rep.
I agree with Judge Haywood in the opinion by him just expressed; Judge Whyte dissented.