HERLON EAST *v.* STATE OF TENNESSEE.

(*Nashville,* December Term, 1954.)

Opinion filed March 11, 1955.

J. C. McMurtry, of Gallatin, for plaintiff.

Knox Bigham, Assistant Attorney General, for the State.

Mr. Justice Swepston delivered the opinion of the Court.

The defendant appeals from a conviction of petit larceny with the punishment fixed at a six-months jail sentence and he has appealed.

On the night of November 3, 1953, the Hartsville Ice Plant was broken into and a number of articles were stolen. A cigarette jar was found in the ball-park and the finger prints on this jar corresponded with the finger prints of the defendant. The jar was identified by the

owner as having a broken top. The Sheriff testified that he saw the defendant in the vicinity of the premises on the night the break-in occurred. This made a prima facie case of guilt and the defendant offered no evidence in his own behalf.

We think the assignments relating to the question whether the evidence preponderates against the verdict must be overruled.

*(2)* The defendant filed a plea of misnomer to the effect that while the indictment was against *Herlon* East, his true name was *Hurlin*. Clearly, it was not error to overrule this plea because the two names are idem sonans. See *Goodwin* v. *State,* 148 Tenn. 682, 257 S. W. 79.

██ Another assignment is the alleged error in over-ruling his plea in abatement based upon the ground that one of the grand jurors who found the indictment against him was a minister of the Gospel and, therefore, exempt from jury service under Code Section 10010. There is no merit in this insistence because the exemptions provided under said Code section are personal to the individual and may be either claimed or waived by that individual only. It is a personal privilege but not a disqualification.

Another assignment is that defendant's constitutional rights were violated in that evidence of the taking of his finger prints was permitted to go to the jury. It appears from the testimony of the Sheriff that after he was informed of the robbery he, in company with a Deputy Sheriff and two Highway Patrolmen, went to the home of defendant near Hartsville around noon, where they found defendant in bed. When they informed the defendant of the object of their visit he insisted that they have a warrant. The Sheriff had a warrant which had been filled out but had not been signed by any magistrate, so the

Sheriff signed the warrant in order to satisfy the defendant. He was then taken into custody and turned over by the Sheriff to the two Highway Patrolmen who put him in their car and drove to another county where they paid a social visit while they left the defendant sitting in the car handcuffed. Afterwards they drove to Lebanon in Wilson County, where they took the finger prints of defendant and then placed him in the jail at Lebanon.

It is said in the brief in behalf of defendant that the defendant was held from Wednesday until Saturday before he was brought before a magistrate. The record shows, however, that the crime was committed on the night of November 3, 1953, that defendant was taken into custody about noon on the next day, the 4th, and that he was taken before a magistrate on November 5th, after which hearing he was bound over to the grand jury. It seems to be admitted that he was taken into custody without a valid warrant properly signed by a magistrate and that he was placed in jail in Lebanon without a mittimus and that his attorney was on the point of petitioning for a writ of habeas corpus when the Sheriff agreed to have him present before the magistrate on Saturday.

It is assigned as error that the Court allowed the expert evidence as to his finger prints as compared with those on the cigarette jar, improperly to be admitted into evidence because it was obtained in violation of his constitutional rights, and secondly, in that he was not taken immediately before a magistrate. We are of opinion as to the question of finger prints that the situation is controlled by *Barrett* v. *State,* 190 Tenn. 366, 371-374, 229 S. W. (2d) 516, 18 A. L. R. (2d) 789. The gist of the discussion in that case is that it is not a violation of a person's rights under the 5th amendment not to be a witness against himself to take his finger prints or to do

other acts for the purpose of identification where it is not done before the jury. Such is not regarded as self-incrimination by "testimonial compulsion."

(6) Referring to the second point, that is the failure of the officers to take him promptly before a magistrate, we think this question is ruled by *Wynn* v. *State,* 181 Tenn. 325, 181 S. W. (2d) 332. On page 330 of 181 Tenn. and on page 334 of 181 S. W. (2d) the Court said:

"Section 11544 of the Code provides that: 'A private person who has arrested another for a public offense, shall, without unnecessary delay, take him before a magistrate or deliver him to an officer.' There is no such provision with respect to the duty of an officer making an arrest. True Section 11515 of the Code provides: 'No person can be committed to prison for any criminal matter, until examination thereof be first had before some magistrate.' "

In that case the Court held that a mere detention without mistreatment for 72 hours was not a violation of our Code Section 11515, and did not render a confession inadmissible; that a temporary holding or arrest is permissible before the defendant is taken before a magistrate because after an accused is examined he may be released and no warrant at all issued.

Counsel for defendant quotes copiously from *McNabb* v. *United States,* 318 U. S. 332, 341, 63 S. Ct. 608, 87 L. Ed. 819, which is a case where the admissibility of a confession was involved and the Supreme Court of the United States ruled that in view of the treatment meted out to the accused parties that the confession was improperly admitted in evidence.

There is a more recent case, *Watts* v. *State of Indiana,* 1949, 338 U. S. 49, 57, 69 S. Ct. 1347, 93 L. Ed. 1801, to the same effect, in which the late Associate Justice Jack-

son concurred with the majority opinion but made some very scintillating and practical comments which are worth reading.

They have nothing whatever to do with the instant case, however, for the reasons, (1) that no question of confession or other "testimonial compulsion" is involved here, and (2) there was clearly no evidence of mistreatment of the defendant.

We must, therefore, overrule this assignment.

■ The last assignment complains that the Trial Judge omitted to charge the jury with reference to the weight to be given expert testimony with reference to finger prints. Since he did not present any special requests on this point the assignment must be overruled on the authority of *Turner* v. *State,* 188 Tenn. 312, 219 S. W. (2d) 188.

All assignments are accordingly overruled and the judgment of the lower Court is affirmed.