STATE OF TENNESSEE ex rel. WILLIAM TINES, Plaintiff in Error,

*v.*

LYNN BOMAR, Warden of Tennessee State Penitentiary, Defendant in Error.

(*Knoxville*, September Term, 1959.)

Opinion filed October 2, 1959.

Rehearing overruled December 11, 1959.

EARL E. LEMING, JAMES P. BROWN and M. L. HUFFMAN, Knoxville, for plaintiff in error.

574

James M. Glasgow, Assistant Attorney General, for defendant in error.

Mr. Justice Swepston delivered the opinion of the Court.

This is an appeal from the judgment of the Circuit Court of Knox County, Tennessee, dismissing the petition for writ of habeas corpus and quashing the writ. Tines, hereinafter called relator, filed his petition for writ of habeas corpus on May 11, 1959, against Lynn Bomar, the Warden of the Tennessee State Penitentiary, hereinafter referred to as respondent. The petition alleged he was under sentence of death by electrocution, which was set for May 12, 1959, for the offense of rape, in accordance with the judgment of this Court. *Tines v. State*, 203 Tenn. 612, 315 S.W.2d 111, certiorari denied by United States Supreme Court, 358 U.S. 889, 79 S.Ct. 134, 3 L.Ed.2d 117. In the petition the relator averred that the judgment of rape is void because the indictment alleged that the offense was committed on April 25, 1957, when,

in fact, according to the evidence, it was committed on April 24, 1957. The petition alleged that the variance between the indictment and the evidence is fatal and because of the variance relator has been denied due process of law, or equal protection of the law under the Fourteenth Amendment of the Constitution of the United States.

Upon application to Hon. James M. Haynes, Judge of the Third Circuit Court of Knox County, the writ of habeas corpus was issued and set for hearing on May 19, 1959.

On May 19, 1959, the date of the hearing, the respondent having been properly served with process, made due return of the writ in accordance with T.C.A. secs. 23-1822 and 23-1823, in which return respondent stated the undisputed and the indisputable fact that he had the relator in custody under the judgment of this Court.

At this point it is proper and necessary for an orderly disposition of this appeal to state that the purported bill of exceptions can not be considered by this Court. It was not filed within the 30 days provided by T.C.A. sec. 27-111, nor was an extension of said period applied for or obtained. *Suggs v. State,* 195 Tenn. 170, 258 S.W.2d 747.

The order in the final decree allowing 45 days for perfecting the appeal, as permitted by T.C.A. sec. 27-312, does not aid the situation because said Code provision does not have any application to the time for filing a bill of exceptions. *Strain v. Roddy,* 171 Tenn. 181, 101 S.W.2d 475; *Beiler v. State,* 158 Tenn. 404, 14 S.W.2d 51.

As will appear in a moment, the obvious purpose of the bill of exceptions in this instance was for the purpose of bringing into the record one amendment which had been filed but was stricken by the judge and another proposed amendment which was offered but was not permitted to be filed. Gilreath's Carruthers' History of a Lawsuit, Sec. 431, note 66 and cases cited. Accordingly, the only thing before us is the technical record.

█ If there be error on the face of the technical record and the judgment complained of did not involve a consideration of facts, and an application of the law thereto, we may review such judgment, for in such situation a motion for a new trial is not a prerequisite to review on appeal; and there was no such motion in this case. Gilreath's supra, Sec. 433 and cases cited.

█ Now, when we examine the final judgment, we find the recitation that an amendment to the original petition was filed without leave of court and was stricken by the court on motion of the respondent; we find further that a second amendment was tendered in open court and the relator moved that said amendment be allowed to said original petition or, in the alternative, to treat same as a second petition for the writ of habeas corpus, but that after argument of counsel, the said motion was disallowed. In neither instance, however, does the final judgment reflect the contents of these respective proposed amendments to the original petition. Therefore, they can not be considered.

The final judgment shows that the first amendment offered was stricken because not timely filed and because filed without leave of the court. As to the second pro-

posed amendment, the recital is "for good and sufficient reasons".

■ The respondent then moved to dismiss the original petition and to quash the writ. The trial court treated the motion to dismiss as a demurrer and granted the same for several reasons, the only two of which are here necessary to be stated are (1) that the petition does not allege a sufficient or valid reason for the issuance of the writ, and (2) the alleged variance between the dates pleaded in the indictment and that shown in the proof at the trial is not a material ingredient of the offense of rape.

There are six assignments of error but it is only necessary to consider two of them, with the record in the above condition. The fourth assignment of error is that the court erred in holding that the original petition on its face fails to allege a sufficient legal or valid reason for the issuance of the writ.

■ This assignment involves the question of alleged fatal variance. The rule is that the offense must be proved to have been committed prior to the finding of the indictment and that the offense was committed within the time specified by the statute of limitations, and except where a special date is essential, or where time is of the essence of the offense, the time of the commission of the offense as averred in the indictment is not material and the proof is not confined to the time charged. *Green v. State,* 176 Tenn. 449, 143 S.W.2d 713.

That was a case of violation of the age of consent statutes, but the principle is the same.

■■ The other assignment, which is No. 3, is that the court erred in treating the respondent's motion to strike as a demurrer and sustaining the same. It is said that, when the respondent filed his return to the writ, this was in effect an answer and according to the general statute of procedure, T.C.A. sec. 21-601, the filing of the return was a waiver of preliminary pleas and motions or demurrer.

We think this assignment is not sound for two reasons, however. First, the burden is on appellant to show affirmatively error on the part of the trial judge. The record does not show that the respondent could properly have demurred or moved to dismiss the original petition as amended by the first amendment filed without leave of court on May 18th; the return was not made until the following day. When the second amendment was tenderer, as stated supra, on the same day the return was filed, i. e., the hearing date, the record fails to show whether the return of the respondent was filed before, at the same time, or subsequent to the tender of this second amendment. Under those circumstances, we can not hold that the court was in error, even if the above stated order of procedure were applicable to this sort of a hearing.

Secondly, we think that Gilreath's Carruthers' History of a Lawsuit, Sec. 618, supports the idea that this is a special sort of proceeding under Tennessee practice and that the matter of procedure is in a large measure within the control and discretion of the trial judge, and that the proceeding is summary and intended to arrive at the truth of the matter as expeditiously as possible.

As we view the situation in this case, however, it makes no difference whether the foregoing statement is

correct or not. There was no issue of fact to be tried because the return of the warden was supported by the exhibit of the record in the principal case and there was no attempt to dispute the record. After the two suggested amendments had been eliminated by the court, the court could not have properly entered any other judgment than that which he did with reference to the original petition. It was insufficient on its face and a judgment adverse to the warden would have been subject to a successful motion in arrest of judgment. Such a motion is based on the pleadings only. Gilreath's supra, Sec. 427.

A failure to arrest a judgment adverse to the warden would have been reversible error.

The judgment of the trial court is affirmed.

Accordingly, the respondent Bomar, Warden of the Tennessee State Penitentiary, now having custody of said relator, William Tines, will execute him as the law directs on 3 day of December, 1959.

### On Petition to Rehear

We have examined carefully the petition to rehear in this matter and we are unable to find any merit in same. It is, therefore, necessary that we overrule same. So ordered.