STATE OF TENNESSEE ex rel. DAN JOSEPH REED, Plaintiff in Error,

*v.*

HENRY HEER, Warden, Tennessee State Penitentiary, Defendant in Error.

403 S.W.2d 310.

(*Jackson,* April Term, 1966.)

Opinion filed April 22, 1966.

HARRY U. SCRUGGS, JR., Memphis, RILEY, PRITCHARD & SCRUGGS, Memphis, of counsel, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and WILLIAM H. LASSITER, JR., Assistant Attorney General, for defendant in error.

Mr. Justice White delivered the opinion of the Court.

This case presents for determination the legal merits of a petition for habeas corpus which has been transferred and heard before the original convicting court, pursuant to T.C.A. sec. 23-1840, Chapter 234 of the Public Acts of 1965. That statute is as follows:

The chief justice of the Supreme Court of Tennessee is hereby authorized and empowered to fix the venue and assign for trial, hearing and disposition all habeas corpus cases filed in any state court by an inmate of the several state penitentiaries wherein said inmate is seeking his release and discharge from the custody of the warden of said institution.

The chief justice of the Supreme Court of Tennessee, in his discretion, is authorized and empowered to fix the venue and assign said habeas corpus cases for trial and disposition, such trial to be held in any other state court and at some other place in the state, as it may appear to be in the best interests of all the parties involved in such litigation.

While a full evidentiary hearing may not be warranted or proper for every petition for habeas corpus in this State, nevertheless a petition alleging sufficient facts

to establish that petitioner's conviction was void because of alleged denial of constitutional rights, Federal or State, necessitates a trial of those facts under the aforesaid Act. The attack on a criminal judgment on the grounds that it is void because of lack of constitutional due process deserves particular scrutiny. Otherwise, those decisions of this Court and the Supreme Court of the United States which vitiate convictions based on oppressive police treatment and uncounseled pleadings are uselessly invoked in habeas corpus petitions. As was stated, and thoroughly documented, in *Fay v. Noia,* 372 U.S. 391, 83 S.Ct. 822, 9, L.Ed.2d 837 (1963):

It is of the historical essence of habeas corpus that it lies to test proceedings so fundamentally lawless that imprisonment pursuant to them is not merely erroneous but void.

We note also the concurring opinion of Mr. Justice Brennan in *Case v. State of Nebraska,* 381 U.S. 336, 85 S.Ct. 1486, 14 L.Ed.2d 422 (1965):

Our federal system entrusts the States with primary responsibility for the administration of their criminal laws. The Fourteenth Amendment and the Supremacy Clause make requirements of fair and just procedures an integral part of those laws, and state procedures should ideally include adequate administration of these guarantees as well. If, by effective process, the States assumed this burden, the exhaustion requirement of 28 U.S.C. sec. 2254 (1958 ed.) would clearly promote state primacy in the implementation of these guarantees. Of greater importance, it would assure not only that meritorious claims would generally be vindicated

without any need for federal court intervention, but that nonmeritorious claims would be fully ventilated, * * *.

The foregoing observations are meant merely to emphasize that an evidentiary hearing was properly held and recorded in the instant case. It remains for this Court to decide whether the petition is sufficient in law and whether the facts as found by the lower court on hearing have evidentiary support.

On May 19, 1964, petitioner, Dan Joseph Reed, represented by the Public Defender of Shelby County, was convicted, upon his plea of guilty on three separate indictments charging robbery with a deadly weapon. He was sentenced to twenty years imprisonment, and he is now in the State Penitentiary in Nashville. Petitioner asserts essentially five grounds as the basis for habeas corpus relief:

1. Upon his arrest on March 12, 1963, he was not immediately taken before a committing magistrate.

2. He received brutal beatings by the police authorities during the two days, March 12 to March 14, 1963, he was held for questioning.

3. He was not given a proper preliminary hearing.

4. He was denied counsel at the time he entered a plea before the judge on ''preliminary hearing.''

5. His court-appointed counsel did not adequately represent him.

■ At the outset, we observe that petitioner has failed to comply with the requirements of T.C.A. sec. 23-1807 (2), in that he has not annexed a copy of the legal process

or judgment under which he is restrained, nor given a satisfactory reason for its absence. We have held repeatedly that the requirements for the contents of the petition, set out in T.C.A. sec. 23-1807, are mandatory. *State ex rel. Kuntz v. Bomar*, 214 Tenn. 500, 381 S.W.2d 290 (1964) ; *Bateman v. Smith*, 183 Tenn. 541, 194 S.W.2d 336 (1946). We do not here retreat from these holdings in any way; on the contrary we reaffirm them. Nevertheless, we choose in the alternative to dispose of the case on its merits, as we wish to clarify some of the points at issue.

█ Petitioner first contends that he was not immediately taken before a committing magistrate after his arrest, as required by T.C.A. sec. 40-1101. This statute does not require that a prisoner be taken immediately before a committing magistrate, but merely prescribes what shall take place at the time the prisoner is taken before the magistrate.

T.C.A. sec. 40-604 states that "no person can be committed to prison for any criminal matter, until examination thereof be first had before some magistrate." This section does not prohibit the holding of an accused for questioning before taking him to a committing magistrate or before arraignment. *Hardin v. State*, 210 Tenn. 116, 355 S.W.2d 105, 356 S.W.2d 595 (1962) ; *VanZandt v. State*, 218 Tenn. 187, 402 S.W.2d 130, decided March 2, 1966. A holding of two days, nothing else appearing, does not violate constitutional due process or sec. 40-604. *Dupes v. State*, 209 Tenn. 506, 354 S.W.2d 453 (1962) ; *East v. State*, 197 Tenn. 644, 277 S.W.2d 361 (1955). We find no denial of constitutional due process in this allegation or in the proof offered in support of it.

■ Petitioner next contends that he received brutal beatings from the police during the period he was questioned from March 12 to March 14, 1963. No confession or admission was ever elicited from petitioner during this period. Regardless of whether beatings took place, then, none of the coerciveness proscribed by *Escobedo v. State of Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977, (1964), or any other cases, took place. There is, in fact, strong evidence in the record from the testimony of police officers that no beatings took place. Petitioner's allegation that he was held incommunicado for the two days he was questioned similarly affords him no relief under the federal or state constitutions.

■■ It is alleged in the petition that the preliminary hearing was improper, was a sham, and in essence no "hearing" at all. We find that there is no constitutional mandate requiring the state to hold a preliminary hearing. *Dillard v. Bomar*, 342 F.2d 789 (6th Cir. 1965); *Green v. Bomar*, 6 Cir., 329 F.2d 796 (1964). In fact, our Code states that when the grand jury of the county is in session, as it is continuously in Shelby County, the magistrate shall not hold a hearing unless the accused pleads guilty. T.C.A. sec. 40-402. Petitioner, on the contrary, entered a plea of "not guilty" at the proceedings before the city magistrate on March 14. In *Green v. Bomar*, supra, the United States Court of Appeals for the Sixth Circuit makes this statement, with which we concur:

Assuming the appellant was not given a preliminary hearing, his constitutional rights were not violated. This does not constitute a denial of due process of law. A criminal case may be taken directly before the grand jury and an indictment returned by that body on testimony of witnesses. The appellant misconstrues the

phrase "to be confronted with the witnesses against him," as used in the Sixth Amendment to the Constitution of the United States. The language of the Amendment is, "In all *criminal prosecutions,* the accused shall enjoy the right * * * to be confronted with the witnesses against him, * * *." (Emphasis added.) In this case the appellant was prosecuted at a trial in which he was convicted by the testimony of witnesses who testified against him in open court and in his presence. "The contention at bar, that, because there had been no preliminary examination of the accused, he was thereby deprived of his constitutional guarantee to be confronted by the witnesses, by mere statement, demonstrates its error." *Goldsby v. United States,* 160 U.S. 70, 73 [16 S.Ct 216, 218, 40 L.Ed. 343]. See also, *McDonald v. Hudspeth,* 129 F.2d 196, 199, C.A. 10, cert. den., 317 U.S. 665 [63 S.Ct. 75, 87 L.Ed. 535]; *Moore v. Aderhold,* 108 F.2d 729, 731, C.A. 10.

■ Petitioner contends that he was denied the assistance of counsel at the hearing before the city magistrate, in violation of T.C.A. secs. 40-2001, 2002, and the Sixth and Fourteenth Amendments to the Federal Constitution as interpreted in *Gideon v. Wainwright,* 372 U.S. 335, 83 St.Ct. 792, 9 L.Ed.2d 799 (1963); *White v. State of Maryland,* 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); and *Hamilton v. State of Alabama,* 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). This hearing was not a critical stage in the proceedings, particularly in view of the fact that no indictment had been entered at this time, to which the accused could plead, and, of even more significance, petitioner entered a plea of "not guilty" to the "charges" against him. Nothing was there done to prejudice petitioner. There is, moreover, testimony to the

effect that the city magistrate advised petitioner of his right to counsel and of his right to remain silent as required by T.C.A. sec. 40-1101. Thus we find no merit in this contention, nor in the proof offered to give it support.

Finally, petitioner claims that his court-appointed counsel did not adequately represent him. Petitioner was represented by Mr. G. Edward Draper, an Assistant Public Defender. We find nothing to show that due process was lacking because of faulty counsel. Mr. Draper is a highly regarded member of the staff of the Public Defender's Office. Petitioner claims that he allowed Mr. Draper to enter a plea of guilty for him at the trial, but only because of "surrounding circumstances" and Mr. Draper's change of attitude as to defendant's chances to win the case. Reed did say: "It was my decision, but in connection, that is with surrounding circumstances." He said that his mother, who conferred with him and Mr. Draper, also influenced him to plead guilty.

There is testimony by petitioner that Mr. Draper was fearful that if the case went to trial petitioner would get about a forty-five year sentence. Mr. Draper testified that he thought a guilty plea with state recommendation of a twenty year sentence was a "good settlement."

There can be no just complaint on the part of Reed that Mr. Draper did not make a motion for a new trial and thereafter appeal the sentence for the reason that Reed testified in this habeas corpus hearing as follows:

Q. Now did you ever ask Mr. Draper or anyone else, tell them that you were dissatisfied with what had happened to you in Court and you wanted to make a Motion for a New trial?

A. No Sir, I did not.

Q. Did you try to appeal? Your case?

A. Through Mr. Draper, you mean?

Q. Yes.

A. No Sir, I did not.

It must be remembered also that this man entered a plea of guilty to the charge and received a reduced sentence. There was nothing from which he could logically appeal.

The right of petitioner to have adequate counsel was amply supplied by the appointment of Mr. Draper, who is, as we have observed, a well regarded member of the Staff of the Office of Public Defender of Shelby County, and a highly regarded member of the Memphis Bar.

The writ of habeas corpus was properly denied. Therefore, the case is affirmed.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and CRESON, JUSTICES, concur.