Pauline A. Turner WASHINGTON,
Plaintiff-in-Error,

v.

STATE of Tennessee, Defendant-in-Error.

Court of Criminal Appeals of Tennessee.

Oct. 1, 1975.

Certiorari Denied by Supreme Court
Feb. 9, 1976.

Gerald F. Largen, Kingston, for plaintiff-in-error.

R. A. Ashley, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, H. Kenneth Deatherage, Dist. Atty. Gen., Kingston, for defendant-in-error.

## OPINION

DWYER, Judge.

This appeal flows from a conviction of selling marijuana in excess of one half ounce, see T.C.A. 52–1432(a)(1)(F), with resulting punishment of confinement for not less than one year nor more than two years and six months plus a fine of $1,600.

The plaintiff-in-error, referred to hereafter as the defendant, was found by the trial court to be an indigent for appeal purposes.

There has been no assignment of error attacking the sufficiency of the evidence. We will, for clarity purposes, in evaluating the other assignments of error, summarize the evidence as found by our review of the record.

The defendant, in response to a telephone call, met with the state's prosecuting witness, an undercover agent for the Tennessee Bureau of Investigation, on the evening hours of March 22, 1973, in Roane County. This meeting was arranged by a person described by the state's witness as a "cooperative individual" and the parties met at Cas Walker's Supermarket located on Highway 70. The agent was in his car with the "cooperative individual" when the defendant arrived in an automobile driven by a party identified as the second "cooperative individual" later identified at the trial as Johnny who had been living with the defendant. The defendant and this party got into the agent's car and after a brief period the defendant sold the agent ten plastic sacks each containing marijuana as identified by a toxicologist testifying for the state in the total amount of one half pound for the sum of $20 an ounce.

The defendant, testifying in her own behalf, denied ever seeing the agent or having ever sold him any drugs on any date. She maintains that on the 21st of March, the date of the indictment, that she had been working in her restaurant and had a seizure on that date and did not leave her place of business until midnight. Her sister, an employee and her mother corroborated to some extent her testimony as to her whereabouts on the 21st of March.

In her first assignment of error she maintains the court erred in not allowing the

agent to divulge the name of the first "cooperative individual". She reasons the court allowed cross examination of the agent to obtain the name of the second "cooperative individual" but that the refusal to discover the identity of the first deprived her of an opportunity to subpoena this individual as a witness. She relies on *Roberts v. State*, Tenn.Cr.App., 489 S.W.2d 263. We agree.

■ The state urges there is no error because the defendant did not call the second "cooperative individual" so it may be safely assumed she would not have called the first "cooperative individual". With this we are constrained to disagree. We do not think that the fact that she did not call this second witness nullifies her right to disclosure of the first "cooperative individual" who was a material eyewitness to the transaction. We think under the facts and circumstances found in this record, that the desirability of calling the first "cooperative individual" as a witness or of having an opportunity to attempt to interview him was, in the interest of fair play and under our law, a matter for the defendant to determine rather than as here the state, see *Roviaro v. United States*, 353 U.S. 53, 64, 77 S.Ct. 623, 629, 1 L.Ed.2d 639. We are constrained in arriving at this decision in view of the writer being the dissenter in *Roberts v. State*, supra. However, we think our holding will not disturb any public policy by discouraging informers or citizens from supplying police with important information to curb crime. For here the state has "demolished" the cover of the informer by making him a participating witness to the crime. The non-disclosure under these circumstances impedes the purpose of the trial court's ascertainment of the truth. See *Eason v. State*, 65 Tenn. 431, 436. This assignment is sustained. We accordingly reverse the judgment and remand this record for a new trial.

She next asserts it was error for the trial court not to direct a verdict of not guilty when the testimony of the agent revealed the date of sale having occurred on March 22, when the indictment date alleged it was March 21. She reasons that his testimony at the first trial, wherein she was convicted and the trial court granted a new trial, was that the offense occurred on the 21st. This discrepancy in testimony embarrassed her in that her alibi witnesses were to establish her presence on the 21st.

■ It is not essential to allege a date unless the date itself is the essence of the offense, i. e., offense committed against laws passed for preservation of the Sabbath, or unless time is of the essence to bring the offense within operation of new or amended statutes or that the prosecution was commenced before tolling of the statute of limitations, none of which is the case here, see *State ex rel. Tines v. Bomar*, 205 Tenn. 572, 577, 329 S.W.2d 813, cert. denied, 363 U.S. 822, 80 S.Ct. 1262, 4 L.Ed.2d 1519.

■ Additionally, we note no issue was made of this conflict in dates as testified by the witness on cross examination. In other words, we think this discrepancy would have been fruitful grounds for her to discredit his testimony before the jury. The defendant slept on her rights in not making a viable issue for the jury as to the agent's credibility. We do not think that, where she alleges the agent's testimony at the first trial was that the occurrence was on the 21st and at the second trial the 22nd, she should save this discrepancy for a directed verdict, see *State v. Glover*, La., 304 So.2d 348. There is, we think, no error here under these circumstances.

■ She next assigns that the attorney general's comment during his cross examination of the agent to the effect that defendant knew the identity of the "cooperative individual" with the agent was improper. The record does not reflect this comment. It reflects that there was "too much noise" so that the testimony was not recorded. She also contends it was improper ar-

gument for the attorney general to comment that the defendant knew the identity of the people accompanying the agent. The defendant reasons that the record fails to reflect his objection and these objections were obscured by the state reporter and the defendant must accept what is typed up. We disagree and find no error here. We think the defendant had an opportunity to present this to the trial court for correction prior to approving the bill of exceptions. We have reviewed the argument and feel the attorney general arguing to the jury that defendant knew the second "cooperative individual" was a fair comment on the evidence in the record. This assignment is overruled.

Lastly, she contends the court erred in not furnishing the transcript of the first trial which would substantiate her allegation as to the agent's changing testimony on the dates the crime occurred. In view of our finding the prior assignment as to the date discrepancy without merit, we find no error here. Even though there is no direct evidence in the record to support the fact of date discrepancy, we think in the absence of contesting it by the attorney general, it may be safely assumed such was the case. This assignment is overruled.

This record, in view of our finding merit in the assignment as to the non-disclosure of the witness, is remanded for a new trial.

WALKER, P. J., and DICK JERMAN, Special Judge, concur.