# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs October 4, 2011

## PHILIP REED BRYAN v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
**No. P-35427      Chris Craft, Judge**

---

**No. W2011-00743-CCA-R3-HC  - Filed November 17, 2011**

---

The pro se petitioner, Philip Reed Bryan, appeals the Shelby County Criminal Court's summary dismissal of his petition for writ of habeas corpus.  Following our review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the Court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Philip Reed Bryan, Memphis, Tennessee, pro se.

Robert E. Cooper, Jr., Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Alanda Dwyer, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

From the record before this court we discern that the petitioner was arrested on Friday, October 8, 2010, for felony theft.  The petitioner was arraigned via video on Monday, October 11, 2010.  On December 8, 2010, the petitioner filed a petition for writ of habeas corpus relief alleging that he was being illegally restrained because he had not been afforded a preliminary hearing.  On December 16, 2010, the habeas corpus court entered an order detailing the procedural history of the petitioner's case, noting that the petitioner's preliminary hearing had been reset several times but was then scheduled for December 17, 2010.  The habeas corpus court ruled that the "petitioner appears from the technical record to be in lawful custody on felony charges" and summarily dismissed the petition.  The petitioner did not appeal the habeas corpus court's December 16, 2010 order.

On March 3, 2011, the petitioner filed a pleading entitled "Motion to Dismiss/New Evidence in Case" wherein he detailed factual allegations establishing his innocence of the theft charge and demanded an evidentiary hearing concerning dismissal of the charge. On March 24, 2011, the habeas corpus court, apparently treating the March 3 pleading as a second petition for a writ of habeas corpus, entered a second order summarily dismissing the petition. The March 24, 2011 order references the petitioner's prolific filings and letter-writing, none of which are contained in the record on appeal. The order characterized the petitioner's more recent letters to the trial judge as "quite rude." The order also noted the habeas corpus court's many attempts to educate the petitioner concerning criminal procedure, which the court said were all in vain. Once again, the habeas corpus court ruled that the petitioner remained "in lawful custody" and summarily denied the petitioner's March 3 motion.

On March 24, 2011, the petitioner timely filed a notice of appeal to this court. He argues on appeal that he continues to be "illegally detained." He contends that this detention resulted in the loss of his employment, home, and belongings. The petitioner's 31-page brief recites the almost-six-month procedural history of his case in the habeas corpus court, replete with the petitioner's commentary concerning the habeas corpus court's "acting like a 5 year old," out of "spite and malice," and "with a Personal Vendetta" against the petitioner. The petitioner alleged that this treatment was the result of his proceeding pro se.

The petitioner, however, fails to cite to any authority in his brief to support his claim for habeas corpus relief. As the State correctly notes, we could treat the petitioner's allegations as waived for the failure to cite authority in support of his argument. *See* Tenn. Ct. Crim. App. R. 10(b) ("Issues which are not supported by the argument, citation to authorities, or appropriate references to the record will be treated as waived."). However, we will address the petitioner's claim on the merits.

"The determination of whether habeas corpus relief should be granted is a question of law." *Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007) (citing *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000)). Our review of the habeas corpus court's decision is, therefore, "de novo with no presumption of correctness afforded to the [habeas corpus] court." *Id.* (citing *Killingsworth v. Ted Russell Ford, Inc.*, 205 S.W.3d 406, 408 (Tenn. 2006)).

The writ of habeas corpus is constitutionally guaranteed, *see* U.S. Const. art. 1, § 9, cl. 2; Tenn. Const. art. I, § 15, but has been regulated by statute for more than a century, *see Ussery v. Avery*, 432 S.W.2d 656, 657 (Tenn. 1968). Tennessee Code Annotated section 29-21-101 provides that "[a]ny person imprisoned or restrained of liberty, under any pretense whatsoever, except in cases specified in § 29-21-102, may prosecute a writ of

habeas corpus, to inquire into the cause of such imprisonment and restraint." T.C.A. § 29-21-101 (2000). Despite the broad wording of the statute, a writ of habeas corpus may be granted only when the petitioner has established a lack of jurisdiction for the order of confinement or that he is otherwise entitled to immediate release because of the expiration of his sentence. *See Ussery*, 432 S.W.2d at 658; *State v. Galloway*, 45 Tenn. (5 Cold.) 326 (1868). The purpose of the state habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsom v. Henderson*, 424 S.W.2d 186, 189 (Tenn. 1968). A void conviction is one which strikes at the jurisdictional integrity of the trial court. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *see State ex rel. Anglin v. Mitchell*, 575 S.W.2d 284, 287 (Tenn. 1979); *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

It appears that the petitioner's chief complaint concerning his present restraint stems from his allegation that he was not afforded a preliminary hearing in a timely manner, *see* Tenn. R. Crim. P. 5(d)(3), and that he was denied his right to present witnesses at his preliminary hearing, *see id.* 5.1(a)(2). The record before this court contains no pleadings from the actual prosecution of the theft case. Accordingly, we are unable to determine whether the petitioner has been denied a preliminary hearing or the presentation of witnesses. The orders of the trial court denying habeas corpus relief do indicate that the petitioner's preliminary hearing was reset on three occasions, and while the circumstances of the first two resettings are not apparent from the record, the order reflects that the preliminary hearing was reset to December 17 after the petitioner insisted upon self-representation at a previous hearing. The petitioner's brief avers that the preliminary hearing was held on that date and the case was bound over to the grand jury upon the general sessions court's finding of probable cause. *See* Tenn. R. Crim. P. 5.1(b).

As we have noted, it is not apparent from the record whether the petitioner has, at this point, been afforded a preliminary hearing or otherwise denied any right to present evidence at the preliminary hearing. That being said, the denial of or any other allegation of infirmity or flaw in a preliminary hearing would not afford habeas corpus relief. *See State ex rel. Reed v. Heer*, 403 S.W.2d 310, 314 (Tenn. 1966) (claims relating to the denial or propriety of a preliminary hearing are not cognizable in a habeas corpus proceeding); *Ortega Wiltz v. Howard Carlton*, No. W2010-02091-CCA-R3-HC (Tenn. Crim. App., Knoxville, June 10, 2011). Moreover, the petitioner's proper remedy for a denial of a timely preliminary hearing "is simply to request such a hearing." *State v. Brooks*, 880 S.W.2d 390, 394 (Tenn. Crim. App. 1993). Essentially, we perceive that "[i]n this case, the [petitioner's] pretrial detention [is] based upon his unchallenged arrest . . . and his inability to make bail." *Giovanny Morpeau v. State*, No. M2002-00060-CCA-R3-CO (Tenn. Crim. App., Nashville, Aug. 12, 2002) (Order). Therefore, on the record, it appears that the petitioner is currently in lawful custody pending further proceedings in the prosecution of his case. Discerning no

other claims that would merit habeas corpus relief on record before this court, we affirm the summary dismissal of the petitioner's petition for writ of habeas corpus.

_____
JAMES CURWOOD WITT, JR., JUDGE