IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 3, 2015

**FREDERICK MOORE v. MIKE PARRIS, WARDEN**

**Appeal from the Circuit Court for Lake County**
**No. 14-CV-9999      R. Lee Moore, Jr., Judge**

_____

**No. W2014-02128-CCA-R3-HC  -  Filed March 27, 2015**

_____

The Petitioner, Frederick Moore, appeals the Lake County Circuit Court's denial of his pro se petition for writ of habeas corpus. On appeal, he asserts that his indictment is void and illegal and deprives the trial court of jurisdiction because the State illegally amended it and improperly obtained a superseding indictment. He further asserts that he is entitled to habeas corpus relief because he was denied due process when he was not afforded a second preliminary hearing. Upon review, we affirm the the trial court's denial of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Frederick Moore, Tiptonville, Tennessee, pro se.

Herbert H. Slatery, III, Attorney General and Reporter; Tracy L. Adcock, Assistant Attorney General; Phillip Bivens, District Attorney General; and Rachel E. Willis, Senior Counsel, for the Appellee, State of Tennessee.

**OPINION**

Following a jury trial, the Petitioner, Frederick Moore, was convicted of first degree premeditated murder, first degree felony murder, aggravated kidnapping, and two counts of tampering with evidence. See State v. Frederick Lamont Moore, No. W2009-01266-CCA-R3-CD, 2011 WL 856379, at *1 (Tenn. Crim. App. Mar. 9, 2011), perm. app. denied (Tenn. July 14, 2011). The trial court merged the first degree premeditated murder conviction with the felony murder conviction and sentenced the Petitioner to an

effective sentence of life imprisonment plus twenty years.  See id.  The Petitioner subsequently filed a petition for post-conviction relief, alleging ineffective assistance of counsel, which was denied by the post-conviction court.  See Frederick Moore v. State, No. W2012-02189-CCA-R3-PC, 2013 WL 6001928, at *1 (Tenn. Crim. App. Nov. 6, 2013), perm. app. denied (Tenn. Mar. 5, 2014).  This court affirmed the post-conviction court's denial of relief on appeal.  See id.

On September 15, 2014, the Petitioner filed a pro se petition for writ of habeas corpus relief.  In the petition, he alleged that his indictment is void and illegal, rendering his convictions and sentences void and illegal.  He also argued that he was denied due process because he was not granted a second preliminary hearing prior to the return of the superseding indicment.  On October 17, 2014, the trial court entered an order denying relief.  This timely appeal followed.

## ANALYSIS

On appeal, the Petitioner asserts that his convictions and sentences are void and illegal.  Specifically, he asserts that (1) the State illegally amended his indictment without his consent; (2) the State impermissibly obtained a superseding indictment and failed to dispose of the original indictment; and (3) he was denied due process because he was not afforded a seconed preliminary hearing before the superseding indictment was returned.  The State responds that the trial court properly denied relief.  We agree with the State.

"The determination of whether habeas corpus relief should be granted is a question of law."  Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)).  Accordingly, our review is de novo without a presumption of correctness.  Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution.  Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130.  The grounds upon which a writ of habeas corpus may be issued, however, are very narrow.  Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).  "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired."  Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)).  A habeas corpus petition challenges void and not merely voidable judgments.  Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)).  "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or

-2-

authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers v. State, 212 S.W.3d 251, 256 (Tenn. 2007) (citing Dykes, 978 S.W.2d at 529). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

"Generally, defenses and objections based on a defective indictment must be raised prior to trial or they are waived." Wyatt v. State, 24 S.W.3d 319, 322-23 (Tenn. 2000) (citing Tenn. R. Crim. P. 12(b)(2), (f)). However, "the validity of an indictment and the efficacy of the resulting conviction may be addressed in a petition for habeas corpus when the indictment is so defective as to deprive the court of jurisdiction." Dykes, 978 S.W.2d at 529. The Tennessee Supreme Court has stated that an indictment is valid if it contains sufficient information "(1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." State v. Hill, 954 S.W.2d 725, 727 (Tenn. 1997) (citing State v. Byrd, 820 S.W.2d 739, 741 (Tenn. 1991); VanArsdall v. State, 919 S.W.2d 626, 630 (Tenn. Crim. App. 1995); State v. Smith, 612 S.W.2d 493, 497 (Tenn. Crim. App. 1980)).

"The power to seek a superseding indictment lies within the broad discretion of the State." State v. Harris, 33 S.W.3d 767, 771 (Tenn. 2000) (citation omitted). The Tennessee Supreme Court explained,

> A superseding indictment is an indictment obtained while another indictment is still pending. Where there has been no jeopardy on the first indictment, a grand jury may return a new indictment against an accused even though another indictment is pending. Although the State may not bring a superseding indictment to harass or intimidate the accused, a legitimate decision to bring a superseding indictment is uniquely within the State's authority. Thus, the State may obtain a superseding indictment at any time prior to trial without dismissing the pending indictment and may then select the indictment under which to proceed at trial.

Id. (citations omitted).

In the case sub judice, the Petitioner first asserts that his indictment is void because the State illegally amended the indictment without his consent and submitted it to the wrong grand jury. The record establishes that the Petitioner was originally indicted on June 30, 2008, on indictment number 08-379 for first degree murder and two counts of tampering with evidence. On February 2, 2009, he was indicted again on indictment number 09-77 for first degree murder, first degree felony murder, aggravated kidnapping, and two counts of tampering with evidence. The State has broad authority to seek a superseding indictment from a new grand jury and chose to do so in this case. See Harris, 33 S.W.3d at 771. We fail to see how the State's decision to bring a superseding indictment renders the Petitioner's judgments void.

Additionally, the Petitioner alleges that he was forced to proceed to trial on two indictments because the original indictment was never dismissed, subjecting him to double jeopardy. However, as noted, after seeking a superseding indictment, the original indictment need not be dismissed and the State may choose the indictment under which to proceed to trial. See Harris, 33 S.W.3d at 771. The Petitioner attached judgments to his petition for writ of habeas corpus that reflect that he was convicted on February 9, 2009, of all counts charged in indictment number 09-77. Thus, it is clear that the State chose to proceed to trial under the superseding indictment. Further, the Petitioner's claims regarding double jeopardy are not cognizable in a habeas corpus proceeding. See Summers, 212 S.W.3d at 261 (stating that "the habeas corpus statutes are for the purpose of challenging a void judgment" while "a post-conviction petition may challenge a conviction or sentence that is alleged to be void or voidable because of the abridgement of constitutional rights"); Ricky Lynn Hill v. Tony Parker, Warden, No. W2010-01423-CCA-R3-HC, 2011 WL 287343, at *4 (Tenn. Crim. App. Jan. 24, 2011) (stating that a claim of double jeopardy renders a judgment voidable, not void); Bobby James Mosley v. Wayne Brandon, Warden, No. M2006-02398-CCA-R3-HC, 2007 WL 1774309, at * 5 (Tenn. Crim. App. June 20, 2007) (reiterating that a claim of double jeopardy is not a cognizable claim for habeas corpus relief); Ralph Phillip Claypole, Jr. v. State, No. M1999-02591-CCA-R3-PC, 2001 WL 523367, at *2 (Tenn. Crim. App. May 16, 2001) (stating that the petitioner's claim of double jeopardy, if true, would render the convictions "voidable, not void."). The Petitioner is not entitled to relief on this issue.

Finally, the Petitioner asserts that his judgments are void because his due process rights were violated when he was denied his right to a second preliminary hearing. However, this claim, even if proven, would not render the Petitioner's judgments void but merely voidable. See Phillip Reed Bryan v. State, No. W2011-00743-CCA-R3-HC, 2011 WL 5829557, at *3 (Tenn. Crim. App. Nov. 17, 2011) ("[T]he denial of or any other

allegation of infirmity or flaw in a preliminary hearing would not afford habeas corpus relief." (citing State v. ex rel. Reed v. Heer, 403 S.W.2d 310, 314 (Tenn. 1966) (holding that claims relating to the denial or propriety of a preliminary hearing are not cognizable in a habeas corpus proceeding); Ortega Wiltz v. Howard Carlton, Warden, No. E2010-02091-CCA-R3-HC, 2011 WL 2410337, at *2 (Tenn. Crim. App. June 10, 2011))). Accordingly, this claim is not cognizable in a habeas corpus proceeding, and the Petitioner is not entitled to relief on this issue.

## CONCLUSION

Based on the foregoing authorities and analysis, we affirm the judgment of the trial court.

_____
CAMILLE R. MCMULLEN, JUDGE