STATE OF TENNESSEE ex rel. RUSSELL L. GEORGE,
Petitioner,

*v.*

LYNN BOMAR, Warden, Respondent.

390 S.W.2d 232.

(*Nashville,* December Term, 1964.)

Opinion filed May 7, 1965.

Leon Ruben, Nashville, for petitioner.

George F. McCanless, Attorney General, Henry C. Foutch, William H. Lassiter, Jr., Assistant Attorneys General, for respondent.

Mr. Justice Chattin delivered the opinion of the Court.

This is a petition for the writ of habeas corpus filed in the Davidson County Criminal Court, Division I, by George on November 14, 1963, in which he seeks a release from the penitentiary upon the allegation he is being

illegally held there under a void judgment rendered by the Criminal Court of Washington County in May 1960 convicting him of armed robbery and sentencing him to twenty years in the penitentiary.

The petition alleges he plead guilty to the charge of armed robbery and the Attorney General did not insist upon the death penalty.

Evidently, he did not seek an appeal from the verdict and judgment for review in this Court. The petition is silent with respect to whether an appeal was taken.

Petitioner assails the judgment upon the following grounds:

1. That he was not afforded an Attorney to represent him at his arraignment.

2. That no transcript was made of his trial.

3. That he did not have an arraignment as is required by law.

There are no exhibits attached to the petition nor does the petition allege it is the first application for the writ.

Honorable Raymond H. Leathers, Judge of Division I of the Criminal Court of Davidson County, summarily dismissed the petition because it did not present a justiciable issue and was in the nature of a collateral attack upon the judgment.

Petitioner filed a motion for an appeal to this Court which was granted. Honorable Leon Ruben, a member of the Nashville Bar, was appointed by this Court to represent petitioner on this appeal. He has filed an able and well prepared brief and assigned as error the action of the trial judge in summarily dismissing the petition.

■ T.C.A. Section 23-1807 provides a petition for habeas corpus shall state, among other things, the following:

"(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence.

"(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief."

The provisions of the foregoing section are mandatory. *State ex rel. Kuntz v. Bomar*, 214 Tenn. 500, 381 S.W.2d 290 (1940); *Bateman v. Smith*, 183 Tenn. 541, 194 S.W.2d 336 (1946).

The petition filed in the trial court did not comply with the foregoing provisions of T.C.A. Section 23-1807(2) and (3) and could have been properly dismissed as insufficient as a matter of law. *State ex rel. Kuntz v. Bomar,* supra.

■ However, as stated, petitioner insists here he was not represented by Counsel at his arraignment; and, in fact, he was not afforded an arraignment as required by law on the charge of armed robbery. He does not insist, however, that he was without Counsel when he entered his plea of guilty to the charge. Nor does he allege he was an indigent person at the time. We must presume, however, if he was at the time of his trial indigent and made that known to the Court and requested the trial judge to appoint Counsel to represent him, the trial judge

granted his request. There is no allegation in the petition to the contrary.

In the case of *State ex rel. Byrd v. Bomar*, 214 Tenn. 476, 381 S.W.2d 280 (1964), in an opinion by Mr. Justice Holmes, this Court said:

"This Court has ruled many times that a petition for writ of habeas corpus seeking release of one imprisoned under a judgment is a collateral attack upon such judgment, and not a direct attack, and cannot prevail unless the judgment is void."

In the case of *State ex rel. Holbrook v. Bomar*, 211 Tenn. 243, 364 S.W.2d 887 (1963), it is said:

"Upon a collateral attack on a judgment of a court of general jurisdiction made by the parties or their privies, such judgment is presumed to be in all respects regular and valid, unless the record affirmatively shows that the court rendering the judgment lacked jurisdiction of the subject matter or of the person; such presumption is conclusive 'unless it is impeached by the record itself.' "

It is also settled in this state a petition for a writ of habeas corpus may not be employed as a substitute for an appeal or writ of error nor can it be employed to review or correct errors of law or fact allegedly committed by a court of competent jurisdiction. *State ex rel. Kuntz v. Bomar*, supra; *State ex rel. Dawson v. Bomar*, 209 Tenn. 567, 354 S.W.2d 763 (1961); *State ex rel. Holbrook v. Bomar*, supra.

The burden of showing the invalidity of the judgment of conviction was upon petitioner, and in the absence of a production of the judgment, or a copy thereof, we

must presume it was and is valid in all respects. *State ex rel. Kuntz v. Bomar,* supra; *State ex rel. Holbrook v. Bomar,* supra; *McCartney v. Gamble et al.,* 184 Tenn. 243, 198 S.W.2d 552 (1947).

However, Counsel for petitioner plausibly argues the trial judge should have granted petitioner a hearing on his allegation the petitioner was not arraigned as required by law. In support of this contention, Counsel cites and relies on the case of *Hamilton v. State of Alabama,* 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). That case is authority for the proposition the right to Counsel arises at the point where a defense must be exercised or irretrievably lost, or is available only in the discretion of the Court. Under Alabama law an arraignment is a critical stage in a criminal proceeding because a plea of insanity or a plea in abatement must be entered at that time; and, if not, such pleas are irretrievably lost.

■ In this state an arraignment is for the purpose of receiving a defendant's plea, but we know of no rule of law which requires the defendant to plead any available defense at that point or such defense will be irretrievably lost.

As pointed out, there is no allegation in the petition the petitioner was without Counsel when he entered his plea of guilty. Nor is there any allegation he was at that time an indigent person.

■ Finally, petitioner insists he was entitled to a court reporter at his trial for armed robbery. He admits, however, the death penalty was not sought. Under such circumstances, petitioner was not entitled to have a court reporter appointed to transcribe the proceedings at his trial, even if he was an indigent person at that time.

T.C.A. Section 40-2010; *Tucker v. State,* 210 Tenn. 646, 361 S.W.2d 494 (1962); *Grove v. State,* 211 Tenn. 448, 365 S.W.2d 871 (1963).

The Attorney appointed by this Court to represent petitioner on this appeal should be commended for his able and well prepared brief filed in support of petitioner's appeal.

However, for the reasons set forth in our opinion, the judgment of the trial court must be affirmed.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and HOLMES, JUSTICES, concur.