STATE OF TENNESSEE ex rel. JOHN ARTHUR AUTWELL,
Plaintiff in Error,

*v.*

WILBURN C. JOHNSON, Warden, Tennessee State Peniten-
tiary, Defendant in Error.

401 S.W.2d 773.

(*Nashville*, December Term, 1965.)

Opinion filed April 15, 1966.

J. L. THOMPSON, III, Nashville, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General, and DOUGLAS M. FISHER, Special Counsel, Nashville, for defendant in error.

MR. JUSTICE CHATTIN delivered the opinion of the Court.

On December 10, 1962, John Arthur Autwell was arraigned before the Criminal Court of Hamilton County Tennessee, on two separate charges of burglary.

Although petitioner alleged and testified at the hearing of this cause he entered a plea of guilty to each indictment without aid of Counsel, the technical record before us contains a minute entry which shows petitioner entered pleas of not guilty at that time.

Nevertheless, it was stipulated by the parties at the trial that whatever pleas were entered by petitioner at his arraignment no Attorney was appointed to represent him prior thereto.

On the same date, but subsequent to his entering pleas to the indictments, the trial judge appointed a member of the Chattanooga Bar to represent the defendant at the trial of the cases.

The trial was set for January 11, 1963. Some few days prior to the date of the trial, defendant conferred with his court appointed Attorney.

On the day of the trial, defendant entered pleas of guilty to both indictments. He was sentenced to confinement in the State Penitentiary for a term of five years in each case. The trial judge ordered the sentences to run consecutively.

On January 14, 1965, Autwell filed the petition in this case for the writ of habeas corpus in the Circuit Court of Davidson County.

The Honorable John L. Uhlian, Judge of the Second Circuit Court of Davidson County, appointed the Honorable J. L. Thompson, III, a reputable member of the Davidson County Bar, to represent petitioner in the proceedings.

On October 6, 1965, a hearing was held before Judge Uhlian, Petitioner testified at the hearing. He stated he was arraigned on the indictments and entered pleas of guilty to each without advice of Counsel. He further stated after he entered the pleas he told the trial judge he was unable to employ Counsel and the trial judge appointed Counsel to represent him at his trial, which was set for January 11, 1963.

He admitted he conferred with his Attorney prior to his trial and on the day of his trial he again entered pleas of guilty to each indictment.

Counsel for petitioner insisted at the hearing the petitioner was entitled to the writ of habeas corpus and his release from the penitentiary because the trial judge accepted his pleas of guilty on the day of his arraignment prior to appointing Counsel to represent him.

In support of this contention, Counsel for petitioner insisted an arraignment is a critical stage in a criminal proceeding in this State, because a right to file a motion to quash an indictment is irretrievably lost after a plea of the general issue on arraignment; and that petitioner was denied his constitutional right to Counsel prior to entering his pleas on arraignment.

Judge Uhlian dismissed the petition for the writ of habeas corpus on the authority of *State ex rel. George v. Bomar,* 216 Tenn. 82, 390 S.W.2d 232 (1965).

In the George case, supra, we held an arraignment in this State is for the purpose of receiving a defendant's plea in a criminal case, but that we did not know of a rule of law which required a defendant to plead any available defense at that point in the proceedings or such defense would be irretrievably lost.

We, also, pointed out in the George case there was no allegation in the petition the petitioner was without Counsel when he entered his plea of guilty. Nor did the petitioner allege he was an indigent person at that time and entitled to court appointed Counsel.

Petitioner has appealed to this Court and assigned as error the action of the trial judge in dismissing the petition on the authority of State ex rel. George v. Bomar, supra.

The sole question for our consideration is whether petitioner is entitled to the writ of habeas corpus because

he entered pleas of guilty to the indictments at his arraignment without the advice of Counsel.

For petitioner, it is argued the above finding in the George case is erroneous; and that petitioner was entitled to be represented at his arraignment by Counsel and the failure of the trial judge to appoint an Attorney before accepting the pleas of guilty of petitioner at his arraignment rendered the verdicts null and void, for the reason the right to file motions to quash the indictments was irretrievably lost after he entered pleas of guilty.

In support of this argument, petitioner cites and relies on the authority of *Hamilton v. State of Alabama,* 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961); *Pope v. State,* 149 Tenn. 176, 258 S.W. 775 (1923); *Driscoll v. State,* 191 Tenn. 186, 232 S.W.2d 28 (1950); and *Batey v. State,* 191 Tenn. 592, 235 S.W.2d 591 (1950).

In the Hamilton case, it was held that arraignment is a critical stage of a criminal proceeding in Alabama and the right to Counsel arises at that point because a plea in abatement, a motion to quash, or a plea of insanity must be interposed at that time; and, if not, such pleas are irretrievably lost.

In that case a conviction was reversed because of the denial of Counsel at arraignment, even though no prejudice was shown.

In the Pope case, this Court held that where a defendant pleads to the indictment and goes to trial on the merits, a defect in an indictment is cured by the verdict.

In the Driscoll case, it was held a motion to quash an indictment came too late after the defendant had entered a plea of not guilty and the jury had been impaneled.

In the Batey case, the defendant's trial resulted in a mistrial because the jury was unable to agree. At the second trial on the same indictment, the defendant filed a motion to quash the indictment without first withdrawing his plea of not guilty entered on his first trial.

On affirming the action of the trial judge in overruling the motion to quash the indictment, this Court held the indictment was not defective and also under the circumstances the motion came too late.

With respect to the holding of the Court the motion came too late, the Court specifically held:

"Without making any attempt to withdraw his plea of not guilty herein the plaintiff-in-error then, when the case was called for trial the second time, made the motion to quash the indictment. We think that this came too late. His motion to quash should have been made at the first opportunity. A motion to quash an indictment, under our practice, is equivalent of a demurrer to the same. A demurrer must be filed prior to the plea of the general issue, and if filed and undisposed of at the time of the plea of general issue, is waived by the general issue.

"When the plaintiff-in-error pled the general issue upon his first trial, and a mistrial was had, such mistrial did not operate to defeat his plea of the general issue, upon which such mistrial was had. That plea stood in full force and still remained to shield him.

"Of course, he might have obtained leave to withdraw his original plea and to have interposed his motion to quash, but failing therein to ask such leave, it stood and he could not interpose his motion to quash in such situation."

Thus, none of the Tennessee cases cited by the petitioner are authority for the proposition that in this State a motion to quash an indictment is irretrievably lost after a plea of the general issue by defendant without the advice of Counsel at his arraignment.

In all of the three Tennessee cases cited by petitioner, the right to file the motion was lost for the reason defendant had pled not guilty at his trial and was represented by Counsel at the time.

█ Conceding, arguendo, the holding in the Georgia case is erroneous, petitioner has no right to the writ and his release from the Penitentiary. He admits the trial judge appointed Counsel to represent him on the day of his arraignment and after conferring with his Counsel entered pleas of guilty on the day of his trial. Nor does petitioner allege, or insist, there was any defect in either indictment which would support a motion to quash. Thus, it cannot be said that any fundamental right of petitioner was violated by the failure of the trial judge to appoint an Attorney to represent him at his arraignment.

There is yet another reason why we must affirm the action of the trial judge in dismissing the petition. As pointed out by able Counsel for the State, petitioner has failed to comply with the mandatory requirement of T.C.A. Section 23-1807. That Section provides a petition for the writ of habeas corpus shall state the following:

"(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence."

■ The foregoing provision is mandatory. *State, ex rel. Kuntz v. Bomar,* 214 Tenn. 500, 381 S.W.2d 290 (1964); *Bateman v. Smith,* 183 Tenn. 541, 194 S.W.2d 336 (1946).

The petition does not comply with the foregoing provision, although the record shows this deficiency was called to the attention of the petitioner prior to the hearing.

The Attorney appointed to represent petitioner should be commended for his very able effort in behalf of the petitioner. He made a fine and able argument before the Bar of this Court and filed a well prepared brief in behalf of petitioner.

However, for the reasons hereinabove set forth, petitioner's assignment of error is overruled and the judgment of the trial court is affirmed.

BURNETT, CHIEF JUSTICE, and DYER and CRESON, JUSTICES, concur.

WHITE, JUSTICE, not participating.