**Carl KIMBRO, Petitioner-Appellant,**

**v.**

**Henry HEER, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

**No. 16652.**

United States Court of Appeals Sixth Circuit.

Aug. 5, 1966.

John G. Doak, Nashville, Tenn. (Court-appointed), for appellant.

Henry C. Foutch, Asst. Atty. Gen., of Tennessee, Nashville, Tenn., George F. McCanless, Atty. Gen., and Reporter of Tennessee, of counsel, for appellee.

Before WEICK, Chief Judge, and O'SULLIVAN and PHILLIPS, Circuit Judges.

HARRY PHILLIPS, Circuit Judge.

This is the second habeas corpus case which petitioner has appealed to this court. On the former appeal we affirmed the judgment of the district court denying the writ. Kimbro v. Bomar, 333 F. 2d 755 (C.A.6).

Petitioner was convicted in the Criminal Court of Shelby County, Tennessee, for murder in the first degree and his punishment was fixed by the jury at

death by electrocution. The conviction was affirmed by the Supreme Court of Tennessee in an unreported opinion. Thereafter the Governor of Tennessee commuted the death sentence to a term of ninety-nine years in the State penitentiary. Certiorari was denied by the Supreme Court. 371 U.S. 945, 83 S.Ct. 518, 9 L.Ed.2d 507.

The principal ground raised on the present appeal is that petitioner was not represented by counsel at his preliminary hearing and arraignment.

Promptly after his arrest, petitioner was taken for a preliminary hearing before the City Judge of Memphis, sitting as a committing magistrate. T.C.A. § 40–603. A plea of not guilty was entered on his behalf and he was bound over to the grand jury, which was then in session.

The Tennessee procedure for a preliminary hearing is prescribed under T.C.A. Title 40, Chapter 11. A committing magistrate must bind the accused over to the grand jury when the grand jury is in session. The magistrate does not hold a hearing unless the accused pleads guilty. T.C.A. § 40–402. Under Tennessee law the grand jury has inquisitorial powers over all offenses committed within the county, and may on its own volition return an indictment against an accused without any requirement that the accused first be arrested for the offense. T.C.A. §§ 40–1605, 40–1606.

Petitioner complains that his constitutional rights were violated in that he was deprived of the right of counsel at the time of his appearance before the city judge. This contention is refuted conclusively by the recent opinion of the Supreme Court of Tennessee in a similar case, State ex rel. Reed v. Heer, Tenn., 403 S.W.2d 310, 314, in which Mr. Justice Weldon B. White said:

"Petitioner contends that he was denied the assistance of counsel at the hearing before the city magistrate, in violation of T.C.A. §§ 40–2001, 2002, and the Sixth and Fourteenth Amendments to the Federal Constitution as interpreted in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799, 93 A.L.R.2d 733 (1963); White v. State of Maryland, 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963); and Hamilton v. State of Alabama, 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961). This hearing was not a critical stage in the proceedings, particularly in view of the fact that no indictment had been entered at this time, to which the accused could plead, and, of even more significance, petitioner entered a plea of 'not guilty' to the 'charges' against him. Nothing was there done to prejudice petitioner. There is, moreover, testimony to the effect that the city magistrate advised petitioner of his right to counsel and of his right to remain silent as required by T.C.A. § 40–1101. Thus we find no merit in this contention, nor in the proof offered to give it support."

█ There is no constitutional mandate requiring a preliminary hearing under Tennessee procedure. State ex rel. Reed v. Heer, supra; Underwood v. Bomar, 335 F.2d 783 (C.A.6); Dillard v. Bomar, 342 F.2d 789 (C.A.6); Green v. Bomar, 329 F.2d 796 (C.A.6).

Petitioner does not allege or show any facts or circumstances whereby he was prejudiced by the absence of counsel at the time of the preliminary hearing and arraignment. The record establishes that he entered a plea of not guilty to the offense for which he later was convicted. It is not contended that any statement made by petitioner was used against him or that any confession or admission was obtained from him by the arresting officers.

█ We approve of the following language in the order of District Judge William E. Miller in disposing of this contention:

"The right to counsel may arise at different times in different jurisdictions. See for example Hamilton v. State of Alabama, 368 U.S. 52, 82 S. Ct. 157, in which an arraignment was held to be such a critical stage as to warrant the appointment of counsel necessary, because certain defenses are

lost to a defendant in Alabama state courts if not raised at the arraignment. The Supreme Court has established the principle that whenever a defendant is required to make a plea at a preliminary proceeding, and pleads guilty, then that proceeding becomes such a critical stage that the defendant is totally prejudiced by a lack of the aid of counsel. White v. Maryland, 373 U.S. 59, 83 S.Ct. 1050. In the instant case the petitioner was required to plead at his arraignment. However, his situation is clearly distinguishable from that of the defendant in *White*. In that case the defendant pleaded guilty at his preliminary hearing, later changed his plea, but the guilty plea was introduced in evidence against him. In the instant case petitioner pleaded not guilty. Under these circumstances the *White* case is not controlling. Since petitioner was allowed to enter a free and voluntary not guilty plea, the Court fails to see how any possible prejudice could have resulted from his failure to have appointed counsel. The Court in *White* indicated that prejudice would not be inquired into in cases where a defendant pleaded guilty without the aid of counsel, but this language cannot be interpreted to apply to a wholly different factual situation such as we have here."

 The conviction of petitioner took place prior to the decisions of the Supreme Court in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L. Ed.2d 977 and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L. Ed.2d 694, and these decisions have no application in the present case. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.

Petitioner further asserts that there was an unlawful search of his house and automobile and that he was deprived of constitutional rights by being arrested without a warrant. These contentions are met conclusively in the findings of fact and opinion of the district judge.

We agree with the district court that they are without merit.

This court expresses appreciation to Mr. John G. Doak of the Nashville bar for his services as court-appointed counsel for petitioner on this appeal.

Affirmed.