**Carl KIMBRO, Petitioner,**

v.

**C. Murray HENDERSON, Warden, Tennessee State Penitentiary, Respondent.**

**No. 67–99–Civil.**

United States District Court
W. D. Tennessee, W. D.

Dec. 27, 1967.

---

James C. Blackburn, Memphis, Tenn., for petitioner.

Henry C. Foutch, Asst. Atty. Gen., Nashville, Tenn., for respondent. ·

## OPINION

ROBERT M. McRAE, Jr., District Judge.

Petitioner, Carl Kimbro, is before this Court on his Petition for Writ of Habeas Corpus. On November 19, 1960, petitioner was convicted of first degree murder and murder committed in the perpetration of a robbery. The jury fixed petitioner's punishment at death by electrocution, said sentence having been subsequently commuted to a term of ninety-nine years by the Governor of Tennessee.

The United States District Court for the Middle District of Tennessee has, on two separate occasions and without a hearing, denied petitioner the relief he seeks. The United States Court of Appeals for the Sixth Circuit has on both occasions affirmed the dismissals by the District Court. Kimbro v. Bomar, 333 F.2d 755 (C.A. 6),[1] Kimbro v. Heer, 364 F.2d 116 (C.A. 6). However on Petition for Writ of Certiorari to the United States Court of Appeals for the Sixth Circuit, the United States Supreme

---

1. It should be noted that the case of Kimbro v. Bomar, 333 F.2d 755 (C.A.6) involved an entirely different petition and one with which this Court is not involved.

Court vacated the judgment in Kimbro v. Heer, 386 U.S. 128, 87 S.Ct. 902, 17 L.Ed.2d 778 (1967) and remanded the case to the District Court for an evidentiary hearing and, in doing so, cited Townsend v. Sain, 372 U.S. 293, 83 S. Ct. 745, 9 L.Ed.2d 770.

Because petitioner was under judgment and sentence of the Criminal Court of Shelby County, Tennessee, which County is in the Western District of Tennessee, the United States District Court for the Middle District of Tennessee, pursuant to the provisions of 28 U.S. C.A. § 2241, ordered the petition, *sub judice,* transferred to this Court for hearing and determination.[2]

This Court appointed James C. Blackburn of the Memphis and Shelby County Bar to represent petitioner and has conducted the evidentiary hearing.

This Court finds that petitioner asserts three primary grounds for relief. First, he maintains that he was "not represented by counsel at the time of the arraignment or preliminary to the hearing"; second, that he was "arrested without a warrant" and "was not carried before a magistrate"; and third, that his Fourth Amendment search and seizure rights were violated. He charges that his home was unlawfully searched on two separate occasions, once with a general warrant authorizing a search for "anything from the service station" and another time without a warrant at all. Petitioner further charges that his automobile was the subject of a search without a warrant.

■ As to petitioner's arrest without a warrant, the Court is of the opinion that the evidence adduced at the evidentiary hearing provides strong support for the finding that the provisions of TCA § 40–803, enumerating the grounds for arrest without a warrant, were fully met:

"An officer may, without a warrant, arrest a person * * * (3) When a felony has in fact been committed, and he has reasonable cause for believing the person arrested to have committed it."

■ Petitioner was arrested on June 20, 1960, and the Court finds from the evidence presented at the evidentiary hearing that Kimbro was afforded a preliminary hearing before the City Judge of the City of Memphis who served as Committing Magistrate for crimes committed in Memphis, Tennessee. The City Judge, on June 23, 1960, sua sponte and without interrogation of anyone, entered a plea of not guilty for petitioner and bound him over to the Grand Jury on the charges preferred by the State.

■ Petitioner's federal constitutional rights were protected since he was not permitted to respond to the charges to his prejudice. In the instant circumstances, petitioner's claim of non-representation by counsel at his preliminary hearing must fail, since under Tennessee procedure the preliminary hearing is not a critical stage in criminal proceedings. State ex rel. Reed v. Heer, Tenn., 403 S.W.2d 310; State ex rel. Autwell v. Johnson, Tenn., 401 S.W.2d 773; State ex rel. George v. Bomar, 216 Tenn. 82, 390 S.W.2d 232.

■ As to petitioner's assertion that he was not represented by counsel at his arraignment, the minutes of the Criminal Court, introduced at the evidentiary hearing, refute petitioner's testimony. This Court finds that petitioner was represented by counsel at the time of his arraignment.

The grounds of the petition which are addressed to the violation of petitioner's Fourth Amendment search and seizure rights concern two searches of his house and a search of his automobile. The first search of petitioner's house was made pursuant to a search warrant. The police officer who sought the warrant presented to a City Judge a warrant previously prepared by the officer. The judge meticulously reworded and limited the scope of the proposed warrant. Pur-

---

2. The petition originated in the Middle District of Tennessee because the State Penitentiary, where petitioner is confined, is located in the Middle District.

suant to the warrant based upon the police officer's return and a signed statement by the wife of the petitioner nothing was removed from the premises.

The other alleged search was made when officers went to the residence of petitioner to arrest his wife.

■ The Court finds that no unreasonable search was made of petitioner's residence. It should be noted that no physical evidence from the residence was introduced at the trial wherein the petitioner was convicted. There was oral evidence introduced based upon information resulting from leads which the officers obtained from their observations and statements of the wife of the petitioner made when officers were there on one or the other of the trips to the residence.

■ The third assertion of the petitioner concerning his Fourth Amendment rights is addressed to the seizure of his automobile and the search thereof. At the time of the arrest of the petitioner by the police the petitioner was at his place of employment, the scene of the murder, and his automobile was parked on the premises. The police impounded his automobile and subsequent thereto subjected the automobile, including interior portions thereof, to certain tests for fingerprints and blood. They also removed from the ash tray of the automobile a check which had been written and apparently discarded. The tests made upon the automobile proved negative from the standpoint of any proof adverse to the interests of the petitioner. The check found in the ash tray was introduced at the trial without objection from petitioner's counsel, as was a photograph of the petitioner's automobile showing the license plate. Because the search of the automobile was made without a warrant and subsequent to the arrest of the petitioner, the search and seizure should be considered in light of Preston v. United States of America, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, and subsequent cases. The Preston case makes it plain that the reasonableness of a search and seizure within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case. Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L. Ed.2d 730 (1967). This Court finds that the facts of the case before the Court are similar to Preston in that a search was made of the automobile of the accused subsequent to his arrest without a warrant. However, this Court is further of the opinion that the facts and circumstances of the instant case did not render the search and seizure invalid because there are significant differences between the Preston case and the case before the Court. In Preston the petitioner was arrested on a charge of vagrancy while in an automobile. Subsequent to his arrest he and others were charged with conspiracy to rob a federally insured bank and he was convicted of that charge "largely on evidence obtained by the search of a motor car". In the instant case the automobile of the petitioner was impounded but it was seized where it was parked on the premises of the place of employment of the petitioner where he was arrested. The record of petitioner's trial and conviction reflects that the automobile was an integral part of the crime of which he was convicted. The automobile of the petitioner was seen by a citizen in the vicinity of the crime under circumstances which caused the citizen to become suspicious enough to note the license number of the car of petitioner. The petitioner was accused of driving his automobile to the place of his employment where he robbed and murdered the night attendant. The automobile of the defendant and the contents thereof may be considered material evidence in the prosecution of the defendant on the charge for which he was arrested.

■ The crime for which a person is arrested is a significant factor in the determination of the reasonableness of a subsequent search and seizure of an automobile impounded, or taken into custody, by the police at the time of a person's arrest. Cooper v. State of California, supra; Abrams v. State, 223 Ga. 216, 154 S.E.2d 443 (3-9-67).

It is noted that the conviction in the *Preston* case was "based largely on evidence obtained by the search of a motorcar". In the opinion of the Court, in the instant case the evidence in the form of a photograph of the car and the discarded check removed from the ash tray were not within the category upon which the conviction was "largely" based. There was a large volume of evidence from other sources which formed the basis of a conviction of the defendant.

 It is, therefore, the opinion of this Court that the facts and circumstances in this case do not support a finding that the search of petitioner's automobile was invalid and violative of his constitutional rights.

Much of the evidentiary hearing was devoted to the alleged abuse and torture of the petitioner. Although no confession was given and used against petitioner at his trial, petitioner asserts that he was arrested and held for investigation prior to being charged with the crime, during which time he was tortured and interrogated without food or sleep to obtain from him leads to evidence, which was later used against him. Petitioner asserts that he was slapped about the head, that his stomach was beaten and visibly bruised and that his feet were "stomped". The Court finds that he was interrogated intensively between his arrest and being formally charged but the proof does not support his allegations of abuse and deprivation of food and sleep. In addition to denials from the various police officers assigned to the case, the proof of the respondent included a photograph of the petitioner stripped to the waist, taken after he was formally charged. This photograph shows no bruises on petitioner's stomach. Petitioner admits that the photograph was taken after the time of the alleged beatings but says that the photographer, by trickery, placed something in front of the camera lens at the time that the picture was taken and that this filtered the appearance of bruises from the photograph.

The Court, having fully weighed all of the testimony and having studied the record and other evidence, finds that all of the other charges in the petition, not specifically enumerated above, are also unsubstantiated and therefore without merit.

For the reasons set forth above, the Petition for Writ of Habeas Corpus, filed by petitioner in this cause, is hereby dismissed and it is so ordered.