George Monroe **PRYOR**, Petitioner-Appellee,

v.

C. Murray **HENDERSON**, Warden, Tennessee State Penitentiary, Respondent-Appellant.

**No. 18338.**

United States Court of Appeals
Sixth Circuit.

Nov. 7, 1968.

---

1. Patton v. State of North Carolina, 4 Cir., 1967, 381 F.2d 636, cert. denied, 1968, 390 U.S. 905, 88 S.Ct. 818, 19 L.Ed.2d 871.

James M. Tharpe, Memphis, Tenn., for appellant; George F. McCanless, Atty. Gen. and Reporter, State of Tennessee, of counsel.

G. Edward Draper, Memphis, Tenn., for appellee.

Before PHILLIPS, EDWARDS, and McCREE, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment granting a petition for habeas corpus and directing that petitioner-appellee be discharged from custody within fifteen days unless the state should decide to re-try him.

The opinion and order of the District Court states the relevant facts which we find to be supported by the evidence. Petitioner-appellee, a twenty-eight year old male who had attended high school, was arrested in Memphis, Tennessee by the city police on January 18, 1964 and charged with rape of an eleven year old female. He was taken to the police station, where he was booked on a charge of criminal assault and confined in the city jail. The next day a city police officer advised petitioner that any statement he might make could be used against him in court and asked whether he desired to make one. Petitioner declined to do so and no attempt at interrogation was made. On the following day appellee was taken before a city judge acting as a committing magistrate. The judge advised him of the charge, determined the existence of probable cause from the testimony of a police officer, set bail, and bound him over for action by the grand jury. Appellee was not called upon to plead and the judge entered a not guilty plea for him. This was the practice in all felony cases and there was no provision for appointment of counsel at this stage and no inquiry was made with respect to a desire for counsel.[1] Four days later, petitioner was indicted for rape (T.C.A. §§ 39–3701, 39–3702).

On the following day, a city detective went to the apartment of petitioner's paramour, where the offense was alleged to have been committed, for the purpose of taking some photographs for use in the prosecution. As the detective was leaving, petitioner entered the apart-

---

1. Our decision in this case leaves unimpaired the decision of this court in Kimbro v. Heer, 364 F.2d 116 (6th Cir. 1966) rev'd on other grounds, 368 U.S. 128, 87 S.Ct. 902, 17 L.Ed.2d 778 (1967). In that case, we held that there is no constitutional right to be represented by counsel at a preliminary hearing provided that a plea of not guilty is entered at the time and no incriminating statements are adduced.

ment to visit his paramour and their child. Petitioner knew the detective (described by him as a friend-acquaintance), knew that he was a city detective and assumed he was there to investigate the offense. A casual conversation ensued between petitioner and the detective in the presence of petitioner's paramour, and in the course of the discussion the detective asked, "George, what happened?". Petitioner replied, according to the detective, with an incriminating statement.

Counsel was appointed for petitioner eleven months later. In April, 1965, after reindictment under a different provision of the Tennessee Code which made unnecessary proof of force, petitioner was tried and convicted of having carnal knowledge of a female under twelve years of age. (T.C.A. § 39–3705). He was sentenced to life imprisonment and his motion for a new trial was denied, and the conviction was affirmed on appeal. Pryor v. State, 217 Tenn. 695, 400 S.W. 2d 700 (1966).

After exhausting available state remedies, petitioner filed a petition for habeas corpus, contending that his constitutional rights were violated by the admission into evidence of the incriminating statement elicited by the city detective. Following an evidentiary hearing, the District Court found that defendant was under indictment, that the detective deliberately obtained the statement, and that petitioner at that time had no lawyer and did not waive his right to have a lawyer present. Relying on Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), he held that petitioner's constitutional rights were violated by admission of the statement. His findings of fact are not clearly erroneous and we agree with his conclusion of law.

Mr. Justice Stewart, speaking for the majority in *Massiah*, cited with approval, the Supreme Court's language in Powell v. State of Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932), where the Court noted that " * * * during perhaps the most critical period of the proceedings * * * that is to say, from the time of his arraignment until the beginning of their trial, when consultation, thorough-going investigation and preparation [are] vitally important, the defendants * * * [are] as much entitled to such aid [of counsel] during that period as at the trial itself." 377 U.S. at 205, 84 S.Ct. at 1202. He then stated that a petitioner is denied the basic protections of the guarantee of the assistance of counsel "when there [is] used against him at his trial evidence of his own incriminating words, which federal agents had deliberately elicited from him after he had been indicted and in the absence of his counsel." 377 U.S. at 206, 84 S.Ct. at 1203.

The fact that counsel was not appointed for Pryor at the arraignment is not a *per se* violation of the Sixth Amendment. See Kimbro v. Heer, supra. However, *Massiah* makes it clear that the constitutional guarantee of counsel forbids the use of any incriminating statement deliberately obtained for the purpose of prosecution from a defendant who has not been advised of his right to remain silent and to the assistance of counsel, and has not clearly waived that right.

The state's contention that *Massiah* should be limited to circumstances where an incriminating statement is surreptitiously obtained is mistaken. In Lyles v. Beto, 379 U.S. 648, 85 S.Ct. 613, 13 L.Ed.2d 552 (1965), the Supreme Court remanded for consideration in the light of *Massiah* a case of purposeful post-indictment interrogation of an unrepresented defendant who had not been advised of his right to counsel and had not waived that right. Cf. United States v. Hindmarsh, 389 F.2d 137 (6th Cir. 1968). Affirmed.