STATE ex rel. WILLIAM SUMMERS and JOHN LEE ORRICK, Plaintiffs in Error, v. C. MURRAY HENDERSON, Warden, Defendant in Error.

Court of Criminal Appeals of Tennessee. Jan. 16, 1969.

Certiorari Denied by Supreme Court June 2, 1969.

Robert W. Ritchie, Knoxville, for plaintiffs in error.

George F. McCanless, Atty. Gen., Robert F. Hedgepath, Asst. Atty. Gen., Nashville, Zane Daniel, Asst. Dist. Atty. Gen., Knoxville, for defendant in error.

## OPINION

GALBREATH, Judge.

This is an appeal from the action of the Criminal Court of Knox County, Tennessee, in denying petitioners in error relief sought in habeas corpus proceeding. At their trial both defendants entered pleas of guilty to the charge of armed robbery after consultation with their court-appointed attorneys. A full evidentiary hearing was held on the allegations set out in the petition during which the petitioner Orrick admitted his guilt and stated all he was complaining of was that he got too much time. The petitioner Summers' testimony was to the effect that he did not plead guilty and that he did not understand the proceedings resulting in his conviction and sentence.

The State offered the testimony of the attorney who represented the petitioner Summers at the trial in which pleas of guilty were recorded as entered as well as the trial judge, the Honorable J. Fred Bibb. Both of these officers of the Court refuted the suggestion that anything other than a knowledgeable plea of guilty had been entered by Summers, or any other defendant appearing before the Court to their knowledge. Judge Bibb particularly remembered the events that transpired in

the acceptance by the Court and jury of the defendants' pleas of guilty. The Minutes signed by Judge Bibb set out that the pleas of guilty were entered and the Minutes are not attacked as fraudulent and therefore import absolute verity as "the highest evidence of what has been done in the Court." Howard v. State, 217 Tenn. 556, 399 S.W.2d 738.

"Upon pleading guilty, appellant admitted all facts alleged and waived all non-jurisdictional defects." Reed v. Henderson, 385 F.2d 995.

In a habeas corpus proceeding the burden of proof is on the petitioner to sustain his allegations by a preponderance of all the evidence. The trial court after hearing proof on both sides chose to believe the witnesses for the State and dismissed the petition after an elaborate finding of fact and statement of the legal grounds for his conclusions. We affirm his judgment.

WALKER, P. J., and OLIVER, J., concur.