**Carl KIMBRO, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden Tennessee State Penitentiary, Respondent-Appellee.**

No. 18541.

United States Court of Appeals
Sixth Circuit.

March 10, 1969.

C. Benson Hufford, Jr. (court appointed) Taft, Stettinius & Hollister, Cincinnati, Ohio, for appellant.

James M. Tharpe, Special Counsel, State of Tennessee, Memphis, Tenn., for appellee; George F. McCanless, Atty. Gen. and Reporter, State of Tennessee, of counsel.

Before EDWARDS, McCREE, and COMBS, Circuit Judges.

PER CURIAM.

This is the third time petitioner-appellant's collateral attacks upon his 99-year sentence for murder in the Tennessee state courts has been before this court. Kimbro v. Bomar, 333 F.2d 755 (6th Cir. 1964); Kimbro v. Heer, 364 F.2d 116 (6th Cir. 1966).

In relation to the second of the appeals cited above, the United States Supreme Court vacated and remanded for an evidentiary hearing (citing Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963)). Kimbro v. Heer, 386 U.S. 128, 87 S.Ct. 902, 17 L.Ed.2d 778 (1967). That hearing has now been held and the United States District Court has entered another judgment denying petitioner-appellant's petition for writ of habeas corpus with a detailed statement

**1332**

of the District Judge's reasons therefor. 277 F.Supp. 550 (W.D.Tenn.1967).

On appellant's appeal to this court from that decision, the court has been advised that petitioner-appellant has been unable to procure a transcript of the evidentiary hearing before the District Court because of the death of the court reporter who reported that proceeding.

On consideration of the appellate issues sought to be presented, this court finds that a transcript may prove to be necessary for proper appellate consideration. Therefore, the judgment of the District Court in this proceeding is vacated and the cause is remanded for rehearing and appropriate findings of fact and conclusions of law.