JIMMIE ADAMS, Appellant, v. LAKE F. RUSSELL, Warden, Appellee.

452 S.W.2d 688.

Court of Criminal Appeals of Tennessee. Nov. 18, 1969.

Certiorari Denied by Supreme Court March 16, 1970.

Ross F. Houpt, Memphis, for appellant.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Eugene C. Gaerig, Asst. Dist. Atty. Gen., Memphis, for appellee.

## OPINION

RUSSELL, Judge.

This appeal from a dismissal after a full evidentiary hearing of a petition for the writ of habeas corpus filed under our Post-Conviction Procedure Act really presents only one question in this court; i. e., whether the evidence upon the evidentiary hearing preponderates against the trial judge's finding of fact that (1) the appellant freely, voluntarily and with full knowledge of his rights entered his plea of guilty to the charge of first degree murder lodged against him, and (2) that the appellant had the competent advice and diligent services of legal counsel.

The governing rule of law is that findings of fact by the trial judge are conclusive unless this Court finds that the evidence preponderates against the lower court's judgment. State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256; State ex rel. Johnson v. Mainard, 188 Tenn. 501, 221 S.W.2d 531; Gray v. Johnson (6th Cir., 1965), 354 F.2d 986; Bates v. Meadows (6th Cir., 1966), 358 F.2d 674. And the burden of proving appellant's charges was upon him. State ex rel. Kuntz v.

Bomar, 214 Tenn. 500, 381 S.W.2d 290; State ex rel. George v. Bomar, 216 Tenn. 82, 390 S.W.2d 232.

■ We have carefully reviewed all of the evidence adduced upon this evidentiary hearing, considered fully the arguments of appellant's counsel, and are fully persuaded that the evidence does not preponderate against the findings of the trial judge. No useful purpose would be served in this opinion by reviewing all of the evidence. Suffice it to say that the appellant had the services and advice of two competent members of the Public Defender's staff who made sufficient investigation to make a competent judgment that he would be convicted of murder in first degree, that they negotiated a tentative settlement for him of life imprisonment, and that he made his own decision to accept that punishment without any pressure from anyone (his only pressure being that arising from his facing possibly graver punishment at the hands of a jury for his crime). The trial judge was patient, careful and conscientious in making certain that his guilty plea was understood, free and voluntary; and was equally diligent in holding a full evidentiary hearing upon all the claims of the petition, many of which claims admittedly owed their origin to the imagination of a penitentiary writ writer who the petitioner says solicited the drafting of this petition.

■ Appellant also complains that his confession was taken without the benefits of *Miranda* advice, and that the trial court erroneously would not consider this upon the evidentiary hearing. Apparently his statement was read to the jury prior to their approving the agreed sentence. Some evidence relative to the origin of his confessions did find its way into the hearing, and there

is strong evidence that he made a spontaneous admission of guilt after himself flagging down a police patrol car and that he was advised of his rights per *Miranda* before his formal statement was taken. There is also evidence that he committed first degree murder before several witnesses, rendering a confession unnecessary to his conviction.

We hold that the trial judge was correct in not formally considering the admissibility of the confessions. Appellant's statement was not used as evidence against him, but served the same purpose that a recital of the facts of the case by the prosecuting attorney would have. The guilty plea admitted all of the facts alleged in the indictment and waived all non-jurisdictional defects in the prior proceedings. State ex rel. Summers et al. v. Henderson, Tenn. Cr. App., 441 S.W.2d 490. Reed v. Henderson, 6 Cir., 385 F.2d 995. Although evidence could have been introduced to aid the jury in fixing the punishment, simply reading the statement to the jury was not the equivalent of introducing it into evidence.

The argument that the existence of illegally obtained confessions served as coercion upon the appellant to plead guilty is contrary to the finding of the trial judge, whose finding is not contrary to the preponderance of the evidence.

We find no error, and affirm the judgment of the trial court.

Hon. Ross F. Houpt, counsel appointed to represent appellant upon the evidentiary hearing and upon this appeal, deserves commendation for his exemplary service in performing his duty.

HYDER and MITCHELL, JJ., concur.