Carl **KIMBRO**, Petitioner-Appellant,

v.

C. Murray **HENDERSON**, Warden, Tennessee State Penitentiary, Respondent-Appellee.

No. 19979.

United States Court of Appeals, Sixth Circuit.

Aug. 17, 1970.

**1320**

C. Benson Hufford, Jr., (Court appointed) Cincinnati, Ohio, for petitioner-appellant.

James M. Tharpe, Special Counsel, Memphis, Tenn., for respondent-appellee; David M. Pack, Atty. Gen., of counsel.

Before PHILLIPS, Chief Judge, and McCREE and BROOKS, Circuit Judges.

PER CURIAM.

Petitioner-appellant is serving a sentence for first degree murder committed in the perpetration of a robbery. The jury imposed a death sentence which was later commuted to a term of 99 years by the Governor of Tennessee. This is the fourth occasion petitioner has been before this Court in various habeas corpus proceedings. In Kimbro v. Bomar, 333 F.2d 755 (6th Cir. 1964), the judgment of the District Court denying a writ was affirmed. In Kimbro v. Heer, 364 F.2d 116 (6th Cir. 1966), his second application for a writ was denied by the District Court without an evidentiary hearing and we affirmed. This judgment was subsequently set aside and the Supreme Court, citing Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), remanded the case for an evidentiary hearing. Kimbro v. Heer, 386 U.S. 128, 87 S.Ct. 902, 17 L.Ed.2d 778 (1967). A hearing was held and the writ was again denied. On appeal, it appeared that the death of the court reporter prevented petitioner from obtaining a transcript of the hearing, and since a transcript was deemed necessary for proper appellate consideration, the case was remanded for another evidentiary hearing. Kimbro v. Henderson, 407 F.2d 1331 (6th Cir. 1969). This appeal is from the judgment of the District Court again denying petitioner's application for a writ of habeas corpus.

At this second evidentiary hearing, evidence was introduced directed to the same issues as were raised in the initial evidentiary hearing and which were also essentially the same issues previously considered and found to be without merit by this Court in Kimbro v. Heer, 364 F.2d 116 (6th Cir. 1966). Thus, district courts have on three occasions rejected petitioner's contention on these issues. First, they were rejected without an evidentiary hearing and we affirmed the judgment on appeal. On the two subsequent occasions, the contentions were considered by the District Court following evidentiary hearings and no evidence was introduced that required any variance from the original denial of the writ. From a review of the present record we hold that the District Judge for the reasons stated in his opinion correctly denied the petition. Moreover, since the District Court's decision, the issue of the validity of the search of petitioner's automobile was decided adversely to petitioner in Chambers v. Maroney, 398 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419, 1970.

We express appreciation to C. Benson Hufford, Jr., Esquire, court-appointed counsel, for his able presentation of petitioner's case.

Judgment affirmed.