# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

### APRIL 1998 SESSION



FILED

July 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **DANNY E. GARRETT,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 03C01-9709-CR-00403 |
| | ) | |
| vs. | ) | Knox County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Honorable Ray L. Jenkins, Judge |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |
| | ) | |

FOR THE APPELLANT:

DANNY E. GARRETT, PRO SE
Northeast Correction Complex
P.O. Box 5000
Mountain City, TN 37683

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

TIMOTHY F. BEHAN
Asst. Attorney General
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493

RANDALL E. NICHOLS
District Attorney General
City-County Building
Knoxville, TN 37902

OPINION FILED: _____

**AFFIRMED**

CURWOOD WITT, JUDGE

**OPINION**

The petitioner, Danny E. Garrett, appeals the Knox County Criminal Court's denial of his petition for habeas corpus relief. On October 5, 1987, Garrett pleaded guilty to armed robbery and assault with intent to commit murder. The defendant made no direct appeal but filed two previous post-conviction petitions. This court affirmed the dismissals of these petitions as both were barred by the applicable statute of limitations. Danny E. Garrett v. State, No. 03C01-9411-CR-00429 (Tenn. Crim. App., Knoxville, July 25, 1995), perm. app. denied (Tenn. 1996); Danny Garrrett v. State, No. 03C01-9603-CR-00111 (Tenn. Crim. App., Knoxville, Dec. 12, 1997).[1] In this habeas corpus petition, which he filed on March 20, 1997, Garrett alleged a deprivation of the right to counsel during the hearing in which his 1986 pro se motions for speedy trial and for dismissal were considered, and he complained of the trial court's denial of a motion, filed November 27, 1996, for a transcript of cases that apparently had been pending in Knox County General Sessions Court in 1986. The trial court treated this habeas corpus petition as one for post-conviction relief and dismissed it without a hearing on April 6, 1997.

In his brief, the petitioner abandons the claim that he was unlawfully denied a transcript of the 1986 court proceeding and he raises, for the first time, claims that he was denied the right to a preliminary hearing, that the trial court was without jurisdiction to entertain a criminal case, and that his confession was obtained in violation of Miranda principles. After a review of the record and the briefs of the parties, we affirm the trial court's dismissal of the petition.

The dismissal of the present petition for a writ of habeas corpus is supported on several grounds. First, the petition was brought in the wrong county. The petition reflects that the petitioner is incarcerated in Johnson County, Tennessee, in the Northeast Correction Center. The petition was filed in the

---

[1] The first petition was filed on May 2, 1994, and the second on July 25, 1995. The three-year statute of limitations expired in 1990. See Tenn. Code Ann. § 40-30-102 (1990)(repealed 1995).

Criminal Court of Knox County. Petitions for habeas corpus relief must be filed in the court "most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court . . . ." Tenn. Code Ann. § 29-21-105 (1980). Because the petitioner filed his petition in the wrong county and failed to give any reason for doing so, the trial court treated the petition as one for post-conviction relief. See Tenn. Code Ann. § 40-30-205(c) (1997) (habeas corpus petition may be treated as a petition under the 1995 Post-Conviction Procedure Act). There is no prejudicial error in this action because, as a habeas corpus petition, the petition was subject to summary dismissal pursuant to section 29-21-105.

Furthermore, the petition, as a claim for habeas corpus relief, was subject to dismissal because the record does not include a copy of the underlying judgment of conviction or the record of the proceeding on which the judgment was based. A petition for writ of habeas corpus must contain a copy of the "legal process" upon which the petitioner's restraint is based or a satisfactory reason for its absence. Tenn. Code Ann. § 29-21-107(b)(2) (1980). The petition in this case contains neither, and dismissal would have been appropriate. See State ex rel. Wood v. Johnson, 216 Tenn. 531, 533-34, 393 S.W.2d 135, 136 (1965). Moreover, it is the petitioner's burden to show the illegality of the judgment against him, and "in the absence of a production of the judgment, or a copy thereof, we must presume it was and is valid in all respects." State ex rel. George v. Bomar, 216 Tenn. 82, 86-87, 390 S.W.2d 232, 234 (1965). See also State v. Barnes, 874 S.W.2d 73, 82 (Tenn. Crim. App. 1993) (it is the appellant's responsibility to create an adequate record on appeal); Tenn. R. App. P. 24(b). The trial court could have dismissed the habeas corpus petition based on any of the above grounds.

As a petition for post-conviction relief, the petition is barred by the three-year statute of limitations set forth in Tennessee Code Annotated section 40-30-102 (1990) (repealed 1995). Because there was no direct appeal from the

petitioner's convictions, the limitation period began to run in 1987. The post-conviction claims became barred in 1990. This limitations period under the previous post-conviction act was not revived by the enactment of the 1995 Post-Conviction Procedure Act. Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997). The petition presents no issue that would have allowed the petitioner to avoid the bar of the statute of limitations under Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995), and Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992). See Danny Garrett v. State, No. 03C01-9603-CR-00111, slip op. at 3 (Tenn. Crim. App., Knoxville, Dec. 12, 1997). Accordingly, the present petition, as a post-conviction proceeding, is barred.

Furthermore, the present petition, as a petition for post-conviction relief, would be the petitioner's second such petition filed under the 1995 Act. This act "contemplates the filing of only one (1) petition," Tenn. Code Ann. § 40-30-202(c) (1997), and it provides that "[i]n no event may more than one (1) petition for post-conviction relief be filed attacking a single judgment." Id. The "second or subsequent petition shall be summarily dismissed." Id. Therefore, the present petition, as a post-conviction claim, is also barred by this statutory prohibition of multiple petitions.

For the foregoing reasons, the lower court's dismissal of the petition is affirmed.

_____
CURWOOD WITT, JUDGE

CONCUR:

_____
PAUL G. SUMMERS, JUDGE

_____
JERRY L. SMITH, JUDGE

4