Earnest YOUNG, Petitioner,

v.

STATE of Tennessee, Respondent.

Court of Criminal Appeals of Tennessee.

Oct. 2, 1971.

Certiorari Denied by Supreme Court Feb. 7, 1972.

Henry R. Price, Rogersville, for petitioner.

David M. Pack, Atty. Gen., Nashville, Robert H. Roberts, Asst. Atty. Gen., Nashville, for respondent.

## OPINION

WALKER, Presiding Judge.

The trial judge dismissed this petition for postconviction relief without an evidentiary hearing, holding that the questions had been previously determined, April 8, 1969, after a full and fair evidentiary hearing on the merits.

The petition before us alleges that Young's first petition contained the same questions presented here, but that it was dismissed in this court because he had been released on parole.

The petition alleges (1) an unlawful arrest; (2) prejudicial remarks in the argument of the district attorney general; and (3) prejudicial remarks by the trial judge in his instructions to the effect that the jury ought to convict the petitioner.

Counsel appointed for the appeal has diligently examined the files and records, including the previous petitions. By his sole assignment, he raises the issue that the third ground was not contained in the earlier petition heard on its merits. We agree that it was not presented there.

▮ Matters pertaining to the propriety of argument or instructions of the court are matters that must be raised on appeal and do not rise to the level of a constitutional right of an accused so as to make them the basis of postconviction relief. Under the rules set forth in State ex rel. Reed v. Heer, 218 Tenn. 338, 403 S.W. 2d 310, these grounds do not require an evidentiary hearing. Under the same authority, a claim of unlawful arrest is not of itself a violation of a constitutional right requiring an evidentiary hearing. All grounds are without merit.

The judgment is affirmed.

DWYER and RUSSELL, JJ., concur.