IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs July 15, 2015

**RUSSELL LEAKS v. BRUCE WESTBROOKS, WARDEN**

**Direct Appeal from the Criminal Court for Davidson County**
**No. 4836     Mark J. Fishburn, Judge**

---

**No. M2014-02324-CCA-R3-HC – Filed December 10, 2015**

---

The Petitioner, Russell Leaks, filed a petition for habeas corpus relief.  He contended that he was entitled to relief because he was arrested without a warrant while he was on probation.  The habeas corpus court summarily dismissed the petition, and the Petitioner appealed.  Upon review, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Russell Leaks, Nashville, Tennessee, Pro se.

Herbert H. Slatery III, Attorney General and Reporter; Nicholas W. Spangler, Assistant Attorney General; Glenn Funk, District Attorney General; and Roger Moore, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

According to the Petitioner,[1] on August 29, 2008, he pled guilty to theft of property valued more than $1,000 but less than $10,000 and was sentenced to eight years in the Tennessee Department of Correction (TDOC), which sentence was suspended to probation.  Thereafter, the Petitioner violated the terms of his probation and was taken into custody on December 8, 2011.

---

[1] The Petitioner did not attach the judgments of conviction to his petition.

On October 8, 2012, the Petitioner pled guilty to two counts of identity theft, theft of property valued more than $1,000 but less than $10,000, and automobile burglary. State v. Russell Leaks, No. W2013-01136-CCA-R3-CO, 2014 WL 10316777, at *1 (Tenn. Crim. App. at Jackson, May 15, 2014). The Petitioner was sentenced as a career offender to a total effective sentence of twelve years, which was to be served concurrently with the aforementioned eight-year sentence. Id.

In his petition, the Petitioner maintained that on December 30, 2013, TDOC officials offered him an opportunity to shorten his sentence by participating in a new program, the "Probation Technical Violator's Unit." After the Petitioner completed the program, he was issued a "Probation Certificate," stating that he was to be released for the eight-year sentence and the twelve-year sentence on June 19, 2014. He was released on probation on June 19, 2014.

Thereafter, the Petitioner received a letter, dated July 3, 2014, from Derrick D. Schofield, the commissioner of the TDOC. The letter, which was hand-delivered by TDOC officers, advised the Petitioner that the department had determined that he was not eligible to participate in the program and should turn himself in or he would be considered to be an escapee.

The officers informed the Petitioner that they were there to take him into custody. The Petitioner asked to see an arrest warrant, and the officers advised the Petitioner that they did not have a warrant. The Petitioner was returned to the custody of the TDOC that day.

Subsequently, the Petitioner filed a petition for a writ of habeas corpus, alleging that he was illegally seized without a warrant and without a hearing and that he remained incarcerated. The habeas corpus court summarily dismissed the petition, holding that the Petitioner had failed to allege that the convicting court was without jurisdiction or authority to sentence him or that his sentence had expired. On appeal, the Petitioner challenges the habeas corpus court's ruling.

## II. Analysis

The determination of whether to grant habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). However, "[s]uch relief is available only when it appears from the face of the judgment or the record of the proceedings that a trial court was without jurisdiction to sentence a defendant or that a defendant's sentence of imprisonment or other restraint has expired." Wyatt, 24 S.W.3d at 322; see also Tenn. Code Ann. § 29-21-101. In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 995 S.W.2d at 83).

The State argues that the petition should be dismissed because the Petitioner failed to attach copies of the judgments of conviction as mandated by Tennessee Code Annotated section 29-21-107. Generally, "the procedural provisions of the habeas corpus statutes are mandatory and must be followed scrupulously." Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). However, despite the Petitioner's failure to comply with the mandatory requirements for a habeas corpus petition, the habeas corpus court did not dismiss the petition for procedural noncompliance; instead, the habeas corpus court addressed the petition on the merits. "A habeas corpus court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements; however, dismissal is not required. The habeas corpus court may . . . choose to adjudicate the petition on its merits." Hickman v. State, 153 S.W.3d 16, 21 (Tenn. 2004) (footnote omitted) (citing Tenn. Code Ann. § 29-21-109). Therefore, this court will address the merits of the Petitioner's complaints.

The Petitioner claims that he should be granted habeas corpus relief because he was "illegally" returned to the custody of the Tennessee Department of Correction following a warrantless arrest and after he was denied a hearing. We acknowledge that our code provides that when an offender is released from custody after successfully completing a technical violator program, the release may be revoked by the trial court's issuing a warrant for the offender's arrest. Tenn. Code Ann. § 40-20-303; see Tenn. Code Ann. § 41-1-117(b) (providing that "[u]pon proper showing by the department that a prisoner was released in error, the sentencing judge or the judge in the county from which the individual was released may issue a warrant for the retaking of the prisoner"). Therefore, the police should have had an arrest warrant before taking the Petitioner into custody.

Nevertheless, the Petitioner's claim of unlawful arrest, even taken as true, would not entitle him to habeas corpus relief. This court has explained that "[i]t has long been established in this jurisdiction that there is no constitutional immunity from an unlawful

arrest. The fact that an accused has been unlawfully arrested only becomes relevant when evidence tainted by the arrest is sought to be introduced by the State." State v. Dulsworth, 781 S.W.2d 277, 282-83 (Tenn. Crim. App. 1989) (footnote omitted); see State ex rel. Wood v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965); Marvin A. Mathews v. State, No. 02C01-9206-CC-00141 1993 WL 84559, at *1 (Tenn. Crim. App. Mar. 24, 1993). "Consequently, the mere fact an accused's arrest was unconstitutional, invalid, or illegal, standing alone, will not afford the accused relief from his conviction." State v. Marvin Kale Ferguson, No. 03C01-9406-CR-00234, 1995 WL 412430, at *1 (Tenn. Crim. App. at Knoxville, July 12, 1995) (citations omitted); see Jason Martindill v. Dwight Barbee, Warden, No. W2012-02624-CCA-R3-HC, 2013 WL 6050748, at *3 (Tenn. Crim. App. at Jackson, Nov. 13, 2013); see also Young v. State, 477 S.W.2d 220, 221 (Tenn. Crim. App. 1971) (stating that "a claim of unlawful arrest is not of itself a violation of a constitutional right requiring an evidentiary hearing" in a post-conviction proceeding). As the habeas corpus court found, nothing in the record reflects that the Petitioner's sentences have expired or that the trial court was without jurisdiction or authority to sentence him. Accordingly, we conclude that the habeas corpus court did not err by summarily denying the petition for habeas corpus relief.

### III.  Conclusion

Finding no error, we affirm the judgment of the habeas corpus court.

_____
NORMA MCGEE OGLE, JUDGE